**Darrell A. JOHNSON, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C2–92–295.**

Court of Appeals of Minnesota.

July 7, 1992.

Review Denied Aug. 27, 1992.

John M. Stuart, State Public Defender, Melissa Sheridan, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by SCHUMACHER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

SHORT, Judge.

Darrell A. Johnson was convicted of possession of theft tools in violation of Minn. Stat. § 609.59 (1990). On appeal, he argues the trial court (1) erred when it failed to honor his request for removal and (2) abused its discretion by denying a new trial based on newly discovered evidence. We disagree and affirm.

## FACTS

Minneapolis police officers noticed a car parked under a freeway bridge. When the officers approached the car, they saw Johnson looking through the glovebox. Johnson told the officers the car belonged to a friend, but later changed his story. When Johnson stepped out of the car, one officer noticed a blank check sticking out of Johnson's coat pocket. Johnson told the officer the check belonged to him. While speaking with Johnson, the officer noticed a device used to unlock cars (a slim jim) on the floor of the car. The officer then decided to search Johnson. When the officer looked at the check in Johnson's pocket, he noticed the check was paid to the order of another person.

At trial, the victim testified (a) he was the owner of the car and the blank check, (b) he did not own a garbage bag, flashlight, gloves and the slim jim found in the car, and (c) the lock on the passenger side of his car was damaged. A friend of Johnson's testified Johnson (a) carried a slim jim in his car, (b) showed her how to use the device to open a locked car door, (c) told her he used the slim jim when there were valuables visible in a car, and (d) admitted he stole checks from cars.

Johnson called a witness to testify on his behalf at trial. That witness asserted his Fifth Amendment privilege. Six months after trial, Johnson filed for postconviction relief on the grounds that the witness would now waive his Fifth Amendment right and testify. At the postconviction proceeding, Johnson filed a notice to remove the trial judge as a matter of right under Minn.Stat. § 542.16, subd. 1.

### ISSUES

I. Did the trial court err when it denied Johnson's request to remove the trial judge?

II. Was it an abuse of discretion for the postconviction court to deny Johnson's request for a new trial based on alleged newly discovered evidence?

### ANALYSIS

#### I.

■ Minn.Stat. § 542.16, subd. 1 allows a party to an action one initial disqualification of a judge without any showing of cause. Johnson had this right prior to the trial court's presiding in this case. *Id.; See* Minn.R.Crim.P. 26.03, subd. 13(4). The trial was held May 1 through 6, and the notice to remove was filed on November 5. Under these facts, the notice to remove the trial judge was clearly untimely.

Johnson argues the postconviction petition begins a new action which revives his right of automatic removal. The state contends the postconviction proceeding is an extension of the original action such that the right to remove the original judge is not reviewed. Our focus is on whether a postconviction proceeding requires a hearing for the presentation of new evidence. *See, e.g., McClelland v. Pierce,* 376 N.W.2d 217, 219 (Minn.1985) (a hearing on modification of maintenance is a new proceeding reviving the right of automatic disqualification of a judge because it requires presentation of evidence); *Omaha Fin. Life Ins. Co. v. Continental Life Underwriters Ins. Co.,* 427 N.W.2d 290, 292 (Minn.App.1988) (a second lawsuit based on a non-competition provision is a new proceeding because new evidence will be taken and additional issues decided), *pet. for rev. denied* (Minn. Oct. 26, 1988).

■ A postconviction petition does not by its nature necessitate a hearing for the presentation of evidence. A hearing on a postconviction petition is held only when the petition does not conclusively show the petitioner is entitled to no relief. Minn. Stat. § 590.04, subd. 1 (1990). Moreover, postconviction petitions are generally decided on the existing record. Thus, a postconviction proceeding is a state corrective process, similar to an appeal in that it is an extension of the criminal prosecution. *See State v. Knaffla,* 309 Minn. 246, 251–52, 243 N.W.2d 737, 740–41 (1976) (convicted defendant is entitled to one state corrective process and may not raise in postconviction, claims raised on direct appeal); IV ABA Standards on Criminal Justice, § 22–1.2 (postconviction proceeding is separate from, but an extension of, the original proceeding).

Johnson suggests his allegation of newly discovered evidence changes this corrective process into a new proceeding for purposes of a right to remove the trial court. However, we believe the analysis of whether a postconviction petition is a new proceeding depends on the general character of the proceeding and not on the specific allegations in an individual case. A trial court has unique insight into the record developed over the course of a prosecution. A petitioner should not be able to obtain the removal of the trial judge simply by adding claims of new evidence to the postconviction petition. This is not a case in which the postconviction petition alleges any er-

rors by the trial court. *Cf. State v. Wiley,* 420 N.W.2d 234, 238 (Minn.App.1988) (stating in dicta that "[a]rguably, the postconviction proceeding can be considered a separate action, in which a defendant has a renewed right to one automatic removal of a judge"), *pet. for rev. denied* (Minn. April 26, 1988). The trial judge's familiarity with the facts of this case enhanced his evaluation of the probative value of the alleged newly discovered evidence.

■ In addition to being untimely, Johnson's notice made no affirmative showing of cause justifying removal. *See* Minn. R.Crim.P. 26.03, subd. 13(4). The mere fact a judge presided at trial is not cause for removal in a postconviction proceeding. *See Berg v. State,* 403 N.W.2d 316, 318 (Minn.App.1987) (it is not improper for the postconviction petition to be heard by the trial judge), *pet. for rev. denied* (Minn. May 18, 1987). Under these facts, the trial court properly denied Johnson's request for removal because the time to remove the presiding judge had expired and Johnson failed to show cause.

## II.

■ The postconviction court's decision to grant or deny a new trial will not be disturbed on appeal absent an abuse of discretion. *Wieland v. State,* 457 N.W.2d 712, 714 (Minn.1990). To obtain a new trial on the basis of newly discovered evidence, Johnson must establish: (a) the evidence was not known to him or his counsel at the time of trial; (b) his failure to learn of the evidence before trial was not due to lack of diligence; (c) the evidence is material (not merely impeaching, cumulative or doubtful); and (d) the evidence will probably produce either an acquittal at a retrial or a more favorable result. *Hathaway v. State,* 434 N.W.2d 461, 463 (Minn.1989).

■ Johnson also argues the trial court abused its discretion in denying him a new trial based on newly discovered evidence. We disagree. The alleged new evidence was the testimony of a witness who initially refused to testify at trial and subsequently confessed to committing the crime. However, the witness' testimony does not qualify as newly discovered evidence under Minn.R.Crim.P. 26.04, subd. 1(1), (5), be-

cause the defendant knew of the witness' existence and attempted to call him at trial. *State v. Norregaard,* 380 N.W.2d 549, 553 (Minn.App.1986). *Contra Ledet v. United States,* 297 F.2d 737 (5th Cir.1962); *Newsom v. United States,* 311 F.2d 74 (5th Cir.1962). In addition, the record demonstrates (a) the testimony of the accomplice contradicts the unimpeached testimony of the police officers and was corroborated only by Johnson's testimony; (b) the witness at issue had five prior felony convictions, is serving a 22–month sentence, and would not serve any additional time if convicted for this offense, and (c) the witness and Johnson are friends. Under these facts, the alleged newly discovered evidence is doubtful and the trial court did not abuse its discretion in denying Johnson's motion for a new trial. *See State v. Bergeson,* 203 Minn. 88, 89, 279 N.W. 837, 838 (1938).

## DECISION

Under the facts of this case, the request to remove the trial judge at the postconviction proceeding was untimely. In addition, Johnson failed to show cause to remove the judge. The postconviction court did not abuse its discretion in denying Johnson's motion for a new trial where the evidence was not newly discovered or trustworthy.

Affirmed.