Michael STASO, Petitioner,

v.

STATE of Alaska, DEPARTMENT OF TRANSPORTATION, Department of Administration, and Thomas Kluberton, Respondents.

No. S–6236.

Supreme Court of Alaska.

May 26, 1995.

Allison E. Mendel, Mendel & Huntington, Anchorage, for petitioner.

John L. Steiner, Asst. Atty. Gen., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for respondents.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

COMPTON, Justice.

### I. INTRODUCTION

This petition for review arises from a denial of a peremptory disqualification sought under Alaska Civil Rule 42(c). Michael Staso (Staso) sought to peremptorily disqualify the judge assigned to a case he refiled after it had been dismissed pursuant to Civil Rule 16.1(g). The disqualification was denied. The trial court concluded that Staso's peremptory disqualification of the assigned judge in the dismissed case had exhausted his right of peremptory disqualification. We reverse.

### II. FACTS AND PROCEEDINGS

Michael Staso refiled a previously dismissed suit against the State of Alaska. He claims that his constitutional rights were infringed when the State disseminated an allegedly false and damaging employment reference about him. Both suits allege that this reference has interfered with his ability to pursue his chosen profession.[1]

The original case filed by Staso, 3AN–92–6648, was assigned to Judge J. Justin Ripley. It was subject to the special procedural requirements of Alaska Civil Rule 16.1, which are intended to reduce delay and costs in certain civil cases. *See* Alaska R.Civ.P. 16.1. Through the exercise of his right of peremptory disqualification under AS 22.20.022 and Alaska Rule of Civil Procedure 42(c), Staso had Judge Ripley removed from the case. The case was reassigned to Judge Joan M. Woodward. After Staso failed to file a motion to set trial and certificate within 270 days of service of his summons and complaint, the time allotted under Civil Rule 16.1(g), the Clerk of Court distributed a Notice of Transfer to Inactive Calendar and of Intent to Dismiss. The notice informed Staso that if he did not file a motion to set trial and certificate within 60 days, the case would be dismissed without prejudice.

Staso moved to set trial on the last possible day. However, Staso's motion did not comply with Rule 16.1. The allotted time expired before he could resuscitate his motion. Judge Woodward dismissed the case without prejudice, pursuant to Civil Rule 16.1(g). She denied Staso's motions for reconsideration and relief from judgment.[2] She also denied Staso's motion to reinstate the case pursuant to Civil Rule 60(b).

Staso refiled suit on November 22, 1993 with a complaint identical to that filed in the original case. On the Civil Case Characterization Form, required by Civil Rule 16.1, Staso indicated that this case had been previously filed and dismissed without prejudice under Civil Rule 16.1(g).

Exercising its right of peremptory challenge, the State filed a Notice of Change of Judge along with a Motion for Assignment of

---

1. We have omitted a discussion of the factual background in the case because it has no relevance to the question presented in the petition.

2. Again, we have omitted a discussion of the reasons for denying Staso's motions, because they have no relevance to the question presented in this petition.

Case to Judge Previously Assigned.[3] As requested by this motion, Presiding Judge Karl S. Johnstone reassigned the refiled case to Judge Woodward. Staso did not object or request reconsideration of the reassignment.

Staso filed a Notice of Change of Judge on the sixth working day after the Order was granted. The State objected to Staso's challenge of Judge Woodward, arguing that Staso had already exercised his right of peremptory disqualification when he disqualified Judge Ripley in the original case. Judge Johnstone denied Staso's challenge on two grounds: (1) the refiling of the same suit does not give Staso the right to a second peremptory disqualification; and (2) as Staso had filed pleadings before Judge Woodward, he waived his right to peremptorily disqualify Judge Woodward. Staso's request for reconsideration was denied. Staso then petitioned this court for review. Alaska R.App.P. 402(a). We granted review solely on the question of whether Staso may peremptorily disqualify Judge Woodward.

## III. DISCUSSION

### A. Standard of Review.

■ Both parties correctly observe that the trial court's interpretation and application of Alaska Civil Rule 42(c) is a question of law which this court must review *de novo*. *See Ford v. Municipality of Anchorage*, 813 P.2d 654, 655 (Alaska 1991). In deciding whether this case is the same "action" within the meaning of Civil Rule 42 as the case previously dismissed under Civil Rule 16.1, "[w]e are not bound by the superior court's resolution of questions of law, but instead must adopt the rule of law which is most persuasive in light of precedent, reason, and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

### B. Staso Was Entitled To A New Peremptory Disqualification.

■ We believe it prudent to adopt a bright-line by which litigants can determine whether they have a right under Civil Rule 42(c) to disqualify the assigned judge. A refiled suit, which is assigned a new docket number, for which new filing fees are imposed, and for which new process must issue, provides this necessary bright-line. Thus, a refiled suit even if identical to a case dismissed under Civil Rule 16.1(g), is a new "action" for Civil Rule 42 purposes. Were we to hold otherwise, the resulting uncertainties would leave litigants unable to ascertain their rights under Civil Rule 42.[4]

■ Alaska Rule of Civil Procedure 42(c)(1) provides: "In an action pending in the Superior or District Courts, each side is entitled as a matter of right to a change of one judge and of one master." This rule is controlling because although AS 22.20.022 creates the substantive right of peremptory disqualification, Civil Rule 42(c) controls the procedure and scope of such disqualifications in civil proceedings. *Tunley v. Municipality of Anchorage Sch. Dist.*, 631 P.2d 67, 70–71 (Alaska 1981).[5]

The parties agree that Staso's refiled suit is substantively the same as the case dismissed under Civil Rule 16.1. His refiled complaint is an exact copy of the complaint filed in the original case. Thus, in ruling on this petition we must answer the question of whether a refiled suit is a new "action" which gives rise to a right of peremptory disqualification under Civil Rule 42(c).

■ Staso makes essentially one argument: he should have been entitled to a change of judge in the refiled suit because it was procedurally separate from the case dismissed pursuant to Rule 16.1(g). Although

---

3. *Staso did not oppose the State's motions. He alleges that these motions were granted before the time for opposition had expired.*

4. It is reasonable to assume that litigants would have questions such as, "would a refiled suit which is not exactly the same as the dismissed case, because it includes some new theories, be a new 'action'?", or "would a suit with identical pleadings which is filed in a different judicial

district be a new 'action'?", or "how different must the new pleadings be to constitute a new 'action'?"

5. Thus, although the parties question whether the right created by AS 22.20.022 is substantive or procedural, we need not address that issue to resolve the determinative question presented in this petition.

he concedes that the refiled suit is identical to the case previously dismissed, he argues that it is not the same "action or proceeding" within the meaning of Rule 42.[6] Staso correctly observes that this court and the Alaska Court of Appeals have consistently held that a party is not entitled to a second peremptory disqualification of a judge, or to relief from the waiver or timeliness requirements of Rule 42, where the proceeding in which the disqualification sought is "ancillary to and a continuation of the underlying ... action." *Webber v. Webber*, 706 P.2d 329, 330 (Alaska App.1985) (holding that a defendant in a criminal contempt proceeding is not entitled to disqualify peremptorily the trial judge who presided over the civil matter out of which the contempt charge arose, because the contempt proceeding was not a new action giving rise to a new right to disqualify the judge).[7]

The State argues that the prior "decisions of this Court and the Alaska Court of Appeals demonstrate that the right to a single peremptory challenge of a judge attaches to a substantive action, without regard to its procedural status." The State correctly notes that in *Gieffels v. State*, 552 P.2d 661 (Alaska 1976), we held that a judge, who has been peremptorily disqualified under Criminal Rule 25(d) in an earlier proceeding under

an indictment which was later dismissed, cannot conduct the later proceedings which arise from a second identical indictment. The controversy in *Gieffels* involved the criminal analog to Civil Rule 42. The court in *Gieffels* followed the reasoning in *McKinnon v. State*, 526 P.2d 18 (Alaska 1974):

> [W]here two proceedings involve the same defendant and the necessity of proving the same facts and issues, a judge who was preempted in the prior proceeding is automatically disqualified from presiding "at any proceeding against the defendant in which those same charges [are] at issue."

*Gieffels*, 552 P.2d at 665 (*quoting McKinnon*, 526 P.2d at 25).

These cases demonstrate that in a number of situations, collateral proceedings are considered the same action for Civil Rule 42(c) purposes. However, they can be distinguished from the case at bar. Staso correctly asserts that all of the prior cases addressing peremptory disqualification of a judge concern a collateral or later proceeding in a single case. In no prior case was the later or collateral proceeding filed as a separate case.[8] Specifically, *McKinnon* and *Gieffels* are distinguishable because the issue in both cases is whether a judge already peremptorily disqualified could hear later proceedings

---

6.  Alaska Rule of Civil Procedure 42(c) only refers to an "action" and not a "proceeding."

7.  *See also Sebring v. Colver*, 649 P.2d 932, 935 (Alaska 1982) (holding that where a new trial has been granted, the parties have waived their right to disqualify peremptorily the judge who presided over the first trial because the new trial is not a new proceeding); *Priest v. Lindig*, 591 P.2d 1299, 1301 (Alaska 1975) (holding that at a trial on remand a party waived her right to disqualify peremptorily the judge who actually heard the original case); *Kvasnikoff v. State*, 535 P.2d 464, 466 (Alaska 1975) (holding that under Alaska Criminal Rule 25, a peremptory disqualification of a judge will be deemed waived or untimely as to later hearings which are part or a continuation of the original proceedings); *McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974) (holding that although a probation revocation hearing and a criminal prosecution may not be technically one and the same action, as a practical matter the two proceedings involve identical issues and should be considered one action for AS 22.20.022(a) purposes); *Weidner v. Superior Court Judicial Dist.*, 715 P.2d 264, 269 (Alaska App.1986) (holding that "[j]ust as an individual cited for criminal contempt in connection with

the enforcement of orders in an ongoing proceeding is not entitled to a new peremptory" disqualification of the trial judge, a person faced with sanctions under Civil Rule 95(a) and (b) is not entitled to an additional peremptory disqualification).

8.  *See Webber*, 706 P.2d at 330 (holding that the criminal contempt proceeding was not a new action giving rise to a new right to peremptory disqualification because "the action charging Webber with criminal contempt was ancillary to and a continuation of the underlying domestic action"); *Sebring*, 649 P.2d at 935 (holding that a party was not entitled to a new peremptory disqualification right on retrial because the party "knowingly participated in proceedings before Judge Carlson which concerned the merits of the controversy"); *Priest*, 591 P.2d at 1301 (holding that "[w]hen this court on appeal reversed and remanded the case for a new trial.... plaintiff's attempt to exercise their peremptory disqualification as to Judge Van Hoomissen expired at some time prior to the first trial"); *McKinnon*, 526 P.2d at 25.

relating to the original case.[9] *See Gieffels v. State,* 552 P.2d 661 (Alaska 1976); *McKinnon v. State,* 526 P.2d 18 (Alaska 1974).

For the foregoing reasons we hold that a refiled suit, even if identical to a case dismissed under Civil Rule 16.1(g), is a new action for Civil Rule 42 purposes. In coming to this conclusion we recognize that in prior cases this court has emphasized substantive similarity between proceedings when determining whether the proceedings were collateral proceeding for Civil Rule 42 and Criminal Rule 25 purposes. However, drawing a bright-line where a refiled case is given a new docket number, new filing fees are imposed, and new process is served is necessary to avoid uncertainties which would leave litigants unclear of their rights under Civil Rule 42.

C. *Public Policy Does Not Mitigate Against Holding That A Refiled Case Is Not The Same Case For Rule 42(c) Purposes.*

In addition to arguing that under its interpretation of Civil Rule 42(c), Staso is not entitled to a peremptory disqualification, the State asserts that it would be contrary to public policy to allow a new right to disqualify a judge in a refiled suit which has been dismissed under 16.1(g). It reasons that "[i]f re-filing a dismissed case were to create a new peremptory challenge right, a party could intentionally allow a case to be dismissed pursuant to Rule 16.1, just to get rid of a judge by new challenge." The State also points out that under Staso's reasoning, parties would receive a new right of peremptory disqualification when their cases were dismissed under Civil Rule 41(a) (voluntary dismissal). Invoking the predictable slippery slope warning, the State goes on to argue that because there is no limit to how often a party can file a notice of dismissal and refile suit, there would be no limitations on a party's ability to "judge shop." We disagree with the State.

In this case Staso did not invite dismissal. As Staso emphasizes it would rarely be worth the risk for a party to invite dismissal in order to be able to disqualify the next assigned judge. Both Civil Rule 16.1(g) and Civil Rule 41(d) provide for sanctions against a party who refiles a dismissed case.[10] These sanctions afford courts the tools necessary to deter litigants from judge shopping through voluntary or involuntary dismissals. *See* Alaska R.Civ.P. 16.1(g); Alaska R.Civ.P. 41(d).

The State also argues that although Staso did not intentionally invite dismissal in this case, he has sampled Judge Woodward's rulings on this matter. The State contends that Staso cannot have been pleased with either her imposition of costs from the dismissed case or her failure to reconsider the grant of costs.[11] This policy argument that Staso has tasted Judge Woodward's rulings is merely a waiver argument in another form. As will be discussed in the following section, Staso has not waived his right under Civil Rule 42.

D. *Staso Did Not Waive His Civil Rule 42 Right.*

The superior court incorrectly held that Staso had waived his right to a peremptory disqualification in his refiled suit. Civil Rule

---

9. These cases are also distinguishable because both cases involve the application of Criminal Rule 25, not Civil Rule 42. However, this difference is not determinative because as stated Criminal Rule 25 is the criminal analog to Civil Rule 42.

10. Civil Rule 16.1(g) provides:

If a case dismissed under this rule is filed again, the court may make such order for the payment of costs of the case previously dismissed as it may deem proper, and may stay the proceedings in the case until the party has complied with the order.

Similarly, Civil Rule 41(d) provides:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

11. In prior cases this court has addressed the dangers of judge shopping which can be avoided by prohibiting parties from peremptorily disqualifying a judge once they have tasted the judges rulings. *See Sebring,* 649 P.2d at 935; *Kodiak Island Borough v. Large,* 622 P.2d 440, 444 (Alaska 1981).

42(c)(4) designates the circumstances under which a party may be deemed to have waived his or her right to disqualify a judge under Civil Rule 42(c)(4).

> A party waives the right to change as a matter of right a judge who has been permanently assigned to the case by knowingly participating before that judge in:
>
> (i) Any judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits; or
>
> (ii) A pretrial conference; or
>
> (iii) The commencement of trial; or
>
> (iv) If the parties agree upon a judge to whom the case is to be assigned. Such waiver is to apply only to the agreed upon judge.

Alaska R.Civ.P. 42(c)(4).

Although the State admits that none of these requirements pertain in this case, it argues that this court should find Staso waived his right to peremptorily disqualify Judge Woodward. The State relies on this court's holding that submission of a substantive motion to a judge is enough to constitute a waiver of the right to peremptorily disqualify that judge. *See Kodiak Island Borough,* 622 P.2d at 442–443 (holding that the submission of a Civil Rule 12(b)(6) motion was enough to waive the right to peremptorily disqualify).

■ The State asserts that according to the reasoning in *Kodiak Island Borough* three of Staso's actions should constitute waivers of his right to peremptorily disqualify Judge Woodward. First, the State emphasizes the appearances which Staso made in the original action. For example, (a) he filed a motion to set trial; (b) he sought reconsideration of the dismissal order; (c) he moved for vacation of judgment. If these actions constituted waiver (which they *do not*) and the refiled suit was found to be a continuation of the original action (which it *is not*), then the waiver would extend to the later action. *See Webber,* 706 P.2d at 330 (concluding "that since Webber waived his right to challenge Judge Carlson in the domestic relations proceedings, he waived the right to peremptorily disqualify Judge Carl-

son in the ancillary criminal contempt proceeding").

■ None of Staso's actions in the dismissed case waived his right to peremptorily disqualify Judge Woodward in the refiled suit. The three filings that the State offers as evidence of waiver all took place in the original case. As we have held that the original case is a separate action from the refiled suit, any motions made in that case cannot be used to establish waiver in this case. Additionally, the actions emphasized by the State are substantively different from those which will constitute waiver under the statute. None of the motions made in the original case concerned the merits of the case: there was no pretrial conference or substantive motion made. Thus, Staso did nothing which would necessitate a finding that he had waived his right to peremptorily disqualify Judge Woodward. *See* Alaska R.Civ.P. 42(c)(4).

Second, the State asserts that Staso waived his right to disqualify Judge Woodward when he failed to oppose the motion to reassign to her the refiled suit. Staso responds that he did not oppose the State's motion to reassign the case to Judge Woodward, because the order was granted before his time to respond had expired. According to Staso the motion to reassign the case was served by mail on December 20, and the order approving it was signed December 30. This was four days before Staso's response was due under Civil Rule 77(c).

■ Regardless of the timing of the motion, Staso correctly asserts that he cannot have waived his right to peremptorily disqualify Judge Woodward by not opposing the State's motion to reassign the case. A party cannot waive the right to peremptorily disqualify a judge until the judge has been permanently assigned to the case.

> This requirement of knowing waiver requires that waiver can be found only where the requisite participation occurs after the party is informed that the judge before whom he or she is appearing is the judge permanently assigned to hear the case or is assigned for trial.

*Tunley v. Municipality of Anchorage Sch. Dist.,* 631 P.2d 67, 73 (Alaska 1981); *see also Dean v. Firor,* 681 P.2d 321, 324 (Alaska 1984). Staso did not waive his peremptory challenge by failing to object to the State's motion to reassign Judge Woodward. He cannot have known that Judge Woodward would be the permanently assigned judge until she was assigned and until any objection to her assignment was ruled upon.

Finally, the State argues that Staso waived this right by continuing to participate before Judge Woodward after filing his Notice of Change of Judge. They contend that his opposition to the State's motion for costs and his filing of his own motion for reconsideration of the cost award should constitute waiver. Staso makes no argument regarding his continuing to appear before Judge Woodward after filing his Notice of Change of Judge. But again, until his motion to disqualify was ruled on, he could not have known whether she was the permanently assigned judge. Therefore, Staso's repeated appearances before Judge Woodward do not constitute waiver. *See Dean,* 681 P.2d at 324; *Tunley,* 631 P.2d at 73.

## IV. *CONCLUSION*

The superior court's ruling that Staso had exhausted his single right to peremptorily disqualify a judge in this case is RE-VERSED. A refiled suit which is assigned a new docket number is distinct from the prior case and gives rise to the right to a new peremptory disqualification under Civil Rule 42. Public policy against judge shopping is not compromised by this construction. The sanctions provided for in Civil Rule 41(d) and Civil Rule 16.1(g) are sufficient to deter judge shopping. Staso did not waive his right to disqualify the judge assigned to preside over the case at bar because his actions do not fall within the ambit of Civil Rule 42(c)(4).