**James PLYLER, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. A–7625.

Court of Appeals of Alaska.

Oct. 20, 2000.

James T. LaVecchia, Kenai, for Petitioner.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

This case requires us to decide whether a defendant who files an application for post-conviction relief challenging a criminal conviction has the right to a peremptory challenge of the judge who presided over the trial which led to the conviction. We conclude that the defendant has no right to a peremptory challenge. Because the judge who conducted a defendant's trial would be familiar with the circumstances of the trial, we are persuaded that it would be unwise to allow a defendant to disqualify the judge by means of a peremptory challenge. We are also persuaded by the fact that courts of other jurisdictions have accepted this policy argument in denying peremptory challenges in these circumstances.

On September 25, 1996, a jury found James Plyler guilty of first degree murder for killing Peter Nicely, the husband of a woman with whom Plyler was romantically

involved.[1] Plyler appealed to this court. On April 7, 1999, this court affirmed Plyler's conviction.[2]

On November 8, 1999, Plyler filed an application for post-conviction relief. In his application, Plyler essentially claimed that he had received ineffective assistance of counsel. The application for post-conviction relief was assigned to Superior Court Judge Johnathan H. Link, who was the judge who presided over Plyler's jury trial. Plyler filed a timely notice of change of judge under Alaska Civil Rule 42 to peremptorily disqualify Judge Link. Judge Link denied the peremptory challenge. In denying the challenge, Judge Link relied in part on the argument that allowing a peremptory challenge under these circumstances would have a "negative effect on judicial economy." He pointed out that he had "presided over a lengthy underlying criminal trial" and that "requiring a new judge to become familiar with lengthy trial records" would be a substantial burden.

Plyler filed a peremptory challenge appeal under Alaska Appellate Rule 216(a)(2). We concluded that:

> Appellate Rule 216 applies only to "an appeal by a criminal defendant from an order denying the defendant's motion for change of judge under Criminal Rule 25(d)." Since Plyler's underlying claim is one for post-conviction relief, a civil claim, his motion for change of judge falls under Civil Rule 42(c)(2) rather than Criminal Rule 25(d).

We therefore concluded that Plyler had no right to appeal. But, we accepted Plyler's case as a petition for review, concluding that the issue which Plyler raised "involves an important question of law on which there is substantial ground for difference of opinion, and an immediate review of the order or decision may materially advance the ultimate termination of the litigation, or may advance an important public interest." [3]

Other courts which have peremptory challenge rules similar to Alaska's have concluded that a defendant who files an application for post-conviction relief is not entitled to peremptorily disqualify the judge who presided at the trial which led to his underlying conviction.[4] These cases rely on policy arguments similar to the one Judge Link advanced in denying Plyler's motion for change of judge. In *Johnson v. Minnesota,* the court observed that "a trial [judge] has unique insight into the record developed over the course of a prosecution." [5] The Missouri Supreme Court in *Thomas v. Missouri* discussed this policy in greater detail:

> First, the majority of post-conviction claims focus on the effectiveness of the now-convicted defendant's trial counsel. On review, we defer to the trial judge's ability to assess the credibility of the witnesses at the post-conviction motion hearing and reverse that judge's conclusion only if it is clearly erroneous. Yet [the peremptory challenge rule] permits the parties to seek a change of judge without cause, thereby removing the judicial officer best acquainted with the case and its conduct from consideration of claims relating to trial counsel's representation of the convicted defendant. [The peremptory challenge rule], if invoked, thus requires a judge to determine issues of defense counsel's competence, despite that judge's lack of personal experience with or personal observation of the flow of the criminal trial, the demeanor of the trial witnesses, the strength of the state's case, the relative strength of the defense case as presented, the character of the convicting jury, or the intuitive assessment of the quality of trial counsel's representation upon which the standard of review is founded.[6]

---

1. *See Plyler v. State,* Memorandum Opinion and Judgment No. 4033, 1999 WL 189660 (Alaska App., April 7, 1999).

2. *See id.*

3. Alaska R.App.P. 402(b)(2).

4. *See Johnson v. Minnesota,* 486 N.W.2d 825 (Minn.App.1992); *Thomas v. Missouri,* 808

S.W.2d 364 (Mo.1991); *Falcon v. North Dakota,* 570 N.W.2d 719 (N.D.1997).

5. 486 N.W.2d 825, 827 (Minn.App.1992).

6. *Thomas v. Missouri,* 808 S.W.2d 364, 366–67 (Mo.1991).

The Missouri court went on to point out that allowing a defendant who files an application for post-conviction relief to peremptorily disqualify the original trial judge would cause inefficiency and delay:

> Second, the addition of a new judge, unfamiliar with the trial record, fosters unnecessary delay. Particularly where the underlying trial involved complicated issues or took a long time to try, the ... court must carefully consider the entire trial from the record to consider the [application for post-conviction relief] properly. This is neither an easy, nor swift process; asking a new judge to hear the motion builds in the very delay [the court rules applying to post-conviction relief] are designed to eliminate.[7]

The Missouri court pointed out that a defendant still retained the right to file a challenge for cause to remove a biased judge.[8]

We believe that the policy reasons for not allowing a defendant who files an application for post-conviction relief to peremptorily disqualify the trial judge who conducted the underlying trial are persuasive. Applications for post-conviction relief are a significant part of the judicial case load. Many of these cases involve issues such as whether the defendant received ineffective assistance of counsel or whether the defendant should be granted a new trial based on newly discovered evidence. The trial judge who conducted the original trial has a significant advantage in evaluating these issues. To require a judge unfamiliar with the case to become familiar with the record of a lengthy trial would be a significant burden. Furthermore, some critical aspects of the trial, such as the credibility and demeanor of the witnesses, are difficult to extract from the record of a case. The trial judge who saw the witnesses testify, and who saw the presentation and arguments by counsel, is in a much better position to render an accurate decision.

We do not believe that *Staso v. State*[9] compels a different result. Staso filed a civil suit against the State of Alaska. His case was dismissed without prejudice because he failed to meet the special procedural requirements of Alaska Civil Rule 16.1. Staso then refiled exactly the same civil case. When the case was reassigned to the judge who had dismissed his original case, Staso filed a motion for change of judge. When the trial court denied Staso's motion for change of judge, Staso appealed to the supreme court. The supreme court held that since Staso had filed a new civil case, he was entitled to a new peremptory challenge.

Plyler argues that *Staso* establishes a bright-line rule: that whenever a new civil case is filed, the parties are entitled to a new round of peremptory challenges under Civil Rule 42(c)—even to challenge a judge who previously handled related proceedings. Plyler points out that a petition for post-conviction relief is a civil action, separate from the criminal proceedings that resulted in the defendant's conviction.[10] Because of this, and under his reading of *Staso*, Plyler contends that he is entitled to disqualify the original trial judge from presiding over his current petition for post-conviction relief. We do not read *Staso* this way.

In *Staso*, the supreme court was asked to decide whether the parties were entitled to a new round of peremptory challenges when a civil suit was refiled (and given a different file number) after having been dismissed for procedural deficiencies. The court acknowledged that previous Alaska decisions in this area generally held that litigants have no right to a new round of peremptory challenges if the second lawsuit is "ancillary to and a continuation of the underlying ... action."[11] The court recognized the value of this policy, but at the same time recognized the difficulties that would be created if every refiled civil case had to be evaluated to see whether the claims raised in the second lawsuit were identical to, or substantially the same as, the claims raised in the original

---

7. *Id.* at 367.

8. *See id.*

9. 895 P.2d 988 (Alaska 1995).

10. *See Hensel v. State,* 604 P.2d 222, 230–31 (Alaska 1979).

11. *Staso,* 895 P.2d at 991 (quoting *Webber v. Webber,* 706 P.2d 329, 330 (Alaska App.1985)).

(dismissed) lawsuit.[12] Because of these difficulties, the court decided that it would be prudent to establish a rule that would unambiguously resolve the peremptory challenge issue in the context of refiled civil cases. That rule was to allow a new round of challenges whenever a refiled case is given a new filing number.[13]

We do not interpret *Staso* as creating a hard-and-fast rule for all situations in which related proceedings are given separate court numbers. Rather, we read *Staso* in a more limited fashion: the supreme court decided that, in the particular context of refiled civil actions, the public policy favoring continuity in judicial decision-making was outweighed by the policy of giving litigants clear advance notice of their rights.

Plyler's case presents a different context: Plyler is litigating a petition for post-conviction relief that collaterally attacks an underlying criminal proceeding. Following the su-preme court's lead in *Staso*, we must weigh the competing public policies to assess whether the parties should receive a new round of peremptory challenges in this situation. As explained above, the courts that have examined this issue have generally concluded that the parties should not be able to peremptorily challenge the judge who presided over the underlying criminal trial. We agree.

Because Judge Link presided over Plyler's trial, Plyler had no right to peremptorily challenge him in this post-conviction relief litigation. The judgment of the superior court is AFFIRMED.

---

**12.** *See Staso,* 895 P.2d at 990 & n. 4.

**13.** *See id.* at 992.