STATE of Alaska, Petitioner,

v.

Brian GALBRAITH, Respondent.

No. A–10241.

Court of Appeals of Alaska.

Jan. 16, 2009.

Corinne Vorenkamp, Assistant District Attorney, Fairbanks, and Talis J. Colberg, Attorney General, Juneau, for Petitioner.

Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Superior Court Judge Robert B. Downes dismissed an indictment against Brian Galbraith because the judge found that Galbraith was incompetent to stand trial and that he would not recover his competency within a reasonable time. The State then secured a second indictment with identical charges, filed it as a new case, and then filed a peremptory challenge against Judge Downes.

Presiding Judge Douglas Blankenship then issued an order denying the peremptory challenge that the State now appeals. We conclude that the parties should not receive another opportunity to challenge the assigned trial judge when, following a defendant's declaration of incompetency, the State subsequently files an identical indictment.

*Facts and proceedings*

A Fairbanks grand jury indicted Brian Galbraith on charges of murder in the first degree [1] and assault in the first degree [2] on March 16, 2007. The case was assigned to Judge Downes. Over the next several months, the judge presided over several pretrial hearings concerning Galbraith's competence. Judge Downes eventually concluded that Galbraith was unable to understand the proceedings against him or to assist in his own defense.

The judge accordingly committed the defendant to the Alaska Psychiatric Institute for additional evaluation and later scheduled a hearing to assess the necessity for extended commitment. After the hearing, Judge Downes was not convinced that there was a substantial probability that Galbraith would regain his competency within a reasonable period of time. Based on these findings, on April 17, 2008, the judge entered an order dismissing the charges without prejudice as required by AS 12.47.110(b).

After the dismissal, Galbraith remained at the Alaska Psychiatric Institute on a voluntary commitment status. On May 1, the State filed a motion for reconsideration, supported in part with an affidavit stating that Galbraith had requested release. After Judge Downes denied the motion for reconsideration, the State secured an indictment on identical charges of murder in the first degree and assault in the first degree.

The new indictment received a new case number, and the case was assigned to Judge

1. AS 11.41.100(a)(1)(A).

2. AS 11.41.200(a)(2).

Downes at arraignment on June 13, 2008. The State then filed a peremptory challenge of Judge Downes on June 18. At a continued arraignment, however, Judge Blankenship ruled that the State could not peremptorily challenge Judge Downes because the new indictment was a continuation of the case that had been assigned to Judge Downes in 2007. The State now appeals to this court from Judge Blankenship's order denying the peremptory challenge.

*Why the State may not challenge Judge Downes*

■■■ This appeal was originally filed as an expedited appeal under Appellate Rule 216. Peremptory challenge appeals are included in this rule, but only when they are filed by a criminal defendant.[3] Thus, the State is apparently not authorized to bring an expedited peremptory challenge appeal under Rule 216.

But the issue raised in this case "involves an important question of law on which there is substantial ground for difference of opinion, and an immediate review of the order or decision may materially advance the ultimate termination of the litigation, or may advance an important public interest...."[4] We have therefore elected to accept the State's expedited appeal as a petition for review.[5]

This case involves the interpretation of Criminal Rule 25(d), particularly the general entitlement expressed in the first sentence of Criminal Rule 25(d)(1): "In *any criminal case* in superior or district court, the prosecution and the defense shall each be entitled as a matter of right to one change of judge."[6] The proper interpretation of this rule is a legal question that we review de novo.[7]

So the issue here is whether a second, identical indictment filed as a separate case constitutes a new case within the meaning of this rule. In other words, does a party who forfeits the peremptory challenge against a judge in the prior proceeding where the original indictment was dismissed also forfeit the challenge against that judge in a second proceeding based on an identical indictment?

In *Gieffels v. State,*[8] the Alaska Supreme Court addressed a similar issue. Gieffels peremptorily disqualified the judge assigned to the original case. The indictment was then dismissed by another judge because of insufficient evidence and prosecutorial error.[9] When the State then secured a second indictment on an identical charge, the case was assigned to the original judge for arraignment.

The supreme court held that the original judge erred when he refused to honor the previous peremptory challenge at the arraignment on the second indictment:

> In *McKinnon v. State*, we stated that where two proceedings involve the same defendant and the necessity of proving the same facts and issues, a judge who was preempted in the prior proceeding is automatically disqualified from presiding "at any proceeding against the defendant in which those same charges [are] at issue." Therefore, Judge Moody was automatically pre-empted in the second proceeding.[10]

Similarly, this court and the Alaska Supreme Court have held that probation revocation proceedings[11] and criminal contempt proceedings[12] are continuations of the same case for the purpose of peremptory challenges.

---

3. *See* Appellate Rule 216(b)(2).

4. Appellate Rule 402(b)(2).

5. *See Plyler v. State*, 10 P.3d 1173, 1174 (Alaska App.2000); *Moore v. State*, 895 P.2d 507, 509 n. 2 (Alaska App.1995).

6. Criminal Rule 25(d)(1) (emphasis added).

7. *See Terry S. v. State, Dept. of Health & Soc. Servs.*, 168 P.3d 489, 493 (Alaska 2007).

8. 552 P.2d 661(Alaska 1976), *disapproved of on other grounds by Miller v. State*, 617 P.2d 516 (Alaska 1980).

9. *Id.* at 663.

10. *Id.* at 665 (internal citation omitted) (quoting *McKinnon v. State*, 526 P.2d 18, 25 (Alaska 1974)).

11. *See McKinnon*, 526 P.2d at 25.

12. *See Webber v. Webber*, 706 P.2d 329, 329–30 (Alaska App.1985).

In *Staso v. State, Department of Transportation*,[13] however, the Alaska Supreme Court decided that each side gets a new peremptory challenge under Civil Rule 42 in a refiled civil suit, even when the second complaint is identical to a complaint previously dismissed.[14] There the supreme court noted the uncertainty that could be caused if the continuing validity of the challenge hinged on whether the new complaint alleged significantly different counts or theories.[15] The court also relied on the need to give civil litigants notice of their rights and the desire to avoid difficult questions about whether a newly filed case is related to the original case.[16] The court noted that there were civil penalties available to address the State's concerns about judge shopping.[17]

The *Staso* court recognized that *Gieffels* held "that a judge, who has been peremptorily disqualified under Criminal Rule 25(d) in an earlier proceeding under an indictment which was later dismissed, cannot conduct the later proceedings which arise from a second identical indictment." [18]

In *Plyler v. State*, this court limited the application of *Staso* in criminal proceedings:

We do not interpret *Staso* as creating a hard-and-fast rule for all situations in which related proceedings are given separate court numbers. Rather, we read *Staso* in a more limited fashion: the supreme court decided that, in the particular context of refiled civil actions, the public policy favoring continuity in judicial decision-making was outweighed by the policy of giving litigants clear advance notice of their rights.[19]

Accordingly, we held that the parties to post-conviction relief proceedings (which are civil in nature) are not entitled to challenge the judge who presided over the original criminal action. In reaching that conclusion we relied on the significant burden a contrary holding would place on the judicial system.[20] The supreme court has also limited the *Staso* rule, recognizing that guardianship proceedings involving the same parties should be treated as part of any ongoing child-in-need-of-aid case.[21]

■ We conclude that we should follow this same line of reasoning in the case before us—a case where the original indictment was dismissed because of the defendant's incompetence to stand trial, and then an identical indictment was subsequently filed. In accordance with *Gieffels*, we hold that a judge who was preempted in the proceedings on the original indictment remains disqualified in the later proceedings on the second identical indictment. Likewise, if the parties did not exercise a peremptory challenge to a judge in the proceedings on the original indictment, the parties have no new right to challenge the judge in the proceedings on the later identical indictment.

This Court therefore AFFIRMS Judge Blankenship's order denying the State's peremptory challenge of Judge Downes.

13. 895 P.2d 988 (Alaska 1995).

14. *Id.*

15. *Id.*

16. *Id.* at 990.

17. *Id.* at 992.

18. *Id.* at 991 (citing *Gieffels*, 552 P.2d 661).

19. *Plyler*, 10 P.3d at 1176.

20. *Id.*

21. *Terry S.*, 168 P.3d at 494–95.