Richard D. POMEROY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10588.

Court of Appeals of Alaska.

May 20, 2011.

Richard D. Pomeroy, pro se, Anchorage, for the Appellant.

Eric A. Ringsmuth, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

COATS, Chief Judge.

In 2005, Richard D. Pomeroy pleaded no contest to third-degree assault. He later filed a petition for post-conviction relief; this petition was dismissed by Superior Court Judge Philip R. Volland in early 2007.

Pomeroy initially filed an appeal challenging the dismissal of his petition, but he later voluntarily abandoned that appeal and, instead, filed a second petition for post-conviction relief. Judge Volland dismissed Pomeroy's second petition in September 2009, and the case now in front of us is Pomeroy's appeal of the dismissal of that second petition.

Pomeroy contends that Superior Court Judge Philip R. Volland should not have adjudicated his second petition because Pomeroy filed a timely peremptory challenge of Judge Volland under Alaska Civil Rule 42(c)(1). Pomeroy also argues that he received ineffective assistance of counsel during the litigation of his first petition for post-conviction relief. Finally, Pomeroy raises numerous attacks on his underlying criminal conviction, based on the events surrounding the litigation of that criminal case.

For the reasons explained here, we hold that Judge Volland properly refused to honor Pomeroy's peremptory challenge. We further hold that Pomeroy is estopped from asserting that he received ineffective assistance of counsel during the litigation of his first petition for post-conviction relief because he knowingly waived his right to counsel and chose to represent himself.

Finally, we hold that Pomeroy is not entitled to raise his remaining claims. Many of these claims are based on errors that allegedly occurred during the litigation of his underlying criminal case. These claims were forfeited because Pomeroy pleaded no contest to the criminal charge. The remainder of Pomeroy's claims are based on errors that allegedly occurred during the litigation of his first petition for post-conviction relief. Those claims were forfeited because Pomeroy filed an appeal of the superior court's dismissal of that first petition, but then Pomeroy voluntarily dismissed that appeal.

*Pomeroy's peremptory challenge of Judge Volland*

■ After Pomeroy's second petition for post-conviction relief was assigned to Judge Volland, Pomeroy filed a challenge to Judge Volland under Alaska Civil Rule 42(c)(1). Civil Rule 42(c)(1) states: "In [any] action

pending in the Superior or District Courts, each side is entitled as a matter of right to a change of one judge. . . ." The rule further specifies that a party's right to peremptorily challenge a judge is waived if the party knowingly participates before that judge in "[a]ny judicial proceeding which concerns the merits of the action and involves the consideration of evidence or of affidavits." [1]

Judge Volland was the judge who decided Pomeroy's first petition for post-conviction relief. When Pomeroy challenged Judge Volland in the second post-conviction relief proceeding, Judge Volland denied the challenge on the basis of our decision in *Plyler v. State.*[2] In other words, Judge Volland ruled that Pomeroy was not entitled to challenge him because he was the judge who presided over Pomeroy's prior post-conviction relief litigation (litigation involving the same underlying criminal conviction).

In *Plyler,* this court held that a defendant pursuing a petition for post-conviction relief is not entitled to peremptorily challenge the judge who presided over the defendant's underlying criminal case.[3] Pomeroy notes that his case presents a different situation: although Judge Volland was the judge who presided over Pomeroy's first petition for post-conviction relief, Judge Volland was *not* the judge who presided over Pomeroy's underlying criminal case. Thus, strictly speaking, our decision in *Plyler* does not govern Pomeroy's situation.

The issue here is whether a second post-conviction relief application, challenging the same underlying criminal conviction but filed as a separate civil case, should be deemed a new "action" for purposes of Civil Rule 42(c)(1). Or, phrased more case-specifically, the issue is whether Pomeroy waived his right to challenge Judge Volland in the sec-

ond post-conviction relief litigation when Pomeroy failed to challenge Judge Volland in the first post-conviction relief litigation.

The Alaska Supreme Court and this court have consistently held that a party's exercise of a peremptory challenge under Civil Rule 42, or a party's waiver of the right of peremptory challenge under Civil Rule 42, apply not only to the proceeding directly affected by the challenge or the waiver, but also to any other proceeding that is "ancillary to and a continuation of the underlying . . . action." [4]

For example, in *Gieffels v. State,*[5] the defendant peremptorily disqualified the judge assigned to his felony case.[6] The case was assigned to another judge, and the indictment was later dismissed because of insufficient evidence and prosecutorial error. The State then secured a second indictment on an identical charge. The defendant's arraignment on this new indictment was assigned to the original judge (the one who had been peremptorily challenged). At this arraignment, the defendant noted his earlier peremptory challenge and demanded that the arraignment be assigned to a different judge. The judge refused to honor the defendant's earlier peremptory challenge and, over objection, presided over the defendant's arraignment on the second indictment.[7] The supreme court held that because the judge had been preempted in the prior proceeding, he was "automatically disqualified from presiding" at the subsequent proceeding "in which the same charges [were] at issue." [8]

In *McKinnon v. State,*[9] the supreme court held that a probation revocation proceeding and a criminal prosecution stemming from one allegation of criminal conduct were part of the same action for the purpose of peremptory challenges.[10] And in *Webber v.*

---

1. Alaska R. Civ. P. 42(c)(4)(i).

2. 10 P.3d 1173 (Alaska App.2000).

3. *Id.* at 1176.

4. *Staso v. State, Dep't. of Transp.,* 895 P.2d 988, 991 (Alaska 1995) (quoting *Webber v. Webber,* 706 P.2d 329, 330 (Alaska App.1985)).

5. 552 P.2d 661 (Alaska 1976), *disapproved of on other grounds by Miller v. State,* 617 P.2d 516 (Alaska 1980).

6. *Id.* at 663–64.

7. *Id.*

8. *Id.* at 665.

9. 526 P.2d 18 (Alaska 1974).

10. *Id.* at 25.

*Webber*,[11] this court similarly held that a defendant in a criminal contempt proceeding was not entitled to peremptorily challenge the trial court judge who presided over the civil matter out of which the contempt charge arose because the contempt proceeding was a continuation of the civil matter.[12]

The most significant support for Pomeroy's position is found in *Staso v. State, Department of Transportation*.[13] In *Staso*, the Alaska Supreme Court decided that each side gets a new peremptory challenge under Civil Rule 42(c) when a civil suit is dismissed on procedural grounds and then refiled, even when the second complaint is identical to the complaint previously dismissed.[14] The supreme court noted the uncertainty that could be caused if a party's right to a new peremptory challenge hinged on whether the new complaint alleged significantly different counts or theories.[15]

The *Staso* decision could be read to establish an invariable rule that parties are entitled to a new peremptory challenge under Civil Rule 42(c) whenever a civil action is refiled and is given a new court number. But we have not interpreted *Staso* in such a broad fashion.

In *Plyler*, this court discussed the *Staso* decision, and we rejected the notion that, under *Staso*, parties invariably are entitled to a new peremptory challenge every time a related court filing is given a different file number:

> We do not interpret *Staso* as creating a hard-and-fast rule for all situations in which related proceedings are given separate court numbers. Rather, we read *Staso* in a more limited fashion: ... in the particular context of refiled civil actions, the public policy favoring continuity in judicial decision-making was outweighed by

the policy of giving litigants clear advance notice of their rights.[16]

We followed the reasoning of the earlier cases on this subject, and we applied the principle that collateral proceedings are not considered to be "new" actions for purposes of the peremptory challenge rule. Specifically, in *Plyler*, we held that the parties to post-conviction relief proceedings are not entitled to peremptorily challenge the judge who presided over the underlying criminal action.[17]

More recently, in *State v. Galbraith*,[18] we adhered to this principle again. *Galbraith* involved an indictment that was dismissed after the judge found the defendant to be incompetent to stand trial.[19] The State later refiled the same charges (with a new case number) after the State concluded that the defendant had regained his competency. When this new indictment was assigned to the judge who had presided over the initial proceedings (and who had found the defendant to be incompetent), the State attempted to exercise a peremptory challenge against this judge.[20]

We acknowledged that *Staso* might be read to support the State's position, but we again adhered to the reasoning we employed in *Plyler*. We held that the renewed proceedings on the indictment were so significantly related to the earlier proceedings that the parties were not entitled to a new round of peremptory challenges. Thus, because the State did not challenge the judge during the initial proceedings, the State was prohibited from challenging the judge during the renewed proceedings on the same charges.[21]

We now hold that this same reasoning applies to Pomeroy's case. As we recognized in *Plyler*, when a defendant attacks a criminal conviction by filing a petition for post-conviction relief, the post-conviction re-

---

11. 706 P.2d 329.

12. *Id.* at 330.

13. 895 P.2d 988.

14. *Id.* at 992.

15. *Staso*, 895 P.2d at 990 n. 4.

16. *Plyler*, 10 P.3d at 1176.

17. *Id.*

18. 199 P.3d 1216 (Alaska App.2009).

19. *Id.* at 1217.

20. *Id.* at 1217–18.

21. *Id.* at 1219.

lief proceeding—although a separate civil action—is collateral to the original criminal case. We held in *Plyler* that the original criminal case and the post-conviction relief case are to be treated as a single action for purposes of the peremptory challenge rule. We now conclude that when a defendant files a second petition for post-conviction relief, attacking the same underlying criminal conviction, that second petition should also be considered to be the same action as the original criminal case and the prior post-conviction relief litigation.

In Pomeroy's case, he allowed his first post-conviction relief application to be litigated in front of Judge Volland. Pomeroy did not challenge Judge Volland, and Judge Volland was the one who eventually entered the final judgment in that litigation. Pomeroy thus waived his right to peremptorily challenge Judge Volland in this second post-conviction litigation attacking the same underlying conviction.

*Pomeroy's claim that he received ineffective assistance of counsel in his first post-conviction relief litigation*

■ One of Pomeroy's claims in his second petition for post-conviction relief is that he received ineffective assistance of counsel during the litigation of his first petition for post-conviction relief. In order to explain why the superior court correctly rejected this claim, we must recount the procedural history of Pomeroy's first petition for post-conviction relief.

Pomeroy's first petition for post-conviction relief was dismissed by the superior court in early 2007, and Pomeroy filed an appeal of this dismissal: *Pomeroy v. State*, Court of Appeals File No. A–9965.

While Pomeroy's appeal was pending, this court became aware that (1) Pomeroy had litigated that first petition for post-conviction relief without the assistance of counsel, and (2) the superior court never asked Pomeroy whether he was willing to waive his right to counsel.[22] We therefore remanded Pomeroy's case to the superior court, directing the superior court to offer Pomeroy the opportunity to ask for counsel and, with the assistance of counsel, the opportunity to completely relitigate his petition for post-conviction relief.[23]

In the superior court, Pomeroy initially asked for counsel, and Judge Volland appointed the Office of Public Advocacy to represent him.[24] But on June 25, 2007, Pomeroy filed a pro se pleading in this court in which he expressed his dissatisfaction with his court-appointed attorney. In his motion to this court, Pomeroy stated that he did not wish to relitigate his post-conviction relief claims in the superior court. Instead, Pomeroy asked this court to allow him to proceed directly to the appeal of Judge Volland's dismissal of those claims. In addition, Pomeroy asked this court to let him prosecute the appeal pro se.[25]

In response to Pomeroy's pleading, this court again remanded Pomeroy's case to the superior court to make sure that Pomeroy was indeed willing to waive his right to counsel.[26]

Pursuant to our second remand order, the superior court held a hearing to ascertain Pomeroy's wishes. After the superior court expressly advised Pomeroy of the benefits of counsel and the dangers of self-representation, Pomeroy reiterated that he wished to waive his right to counsel, that he wished to forego any relitigation of his post-conviction relief claims in the superior court, and that he wished to proceed directly to his appeal of the superior court's judgment.[27] (As we explain later in this opinion, this appeal was later dismissed at Pomeroy's request.)

---

**22.** See *Grinols v. State*, 74 P.3d 889, 894 (Alaska 2003) (holding that the Alaska Constitution guarantees the assistance of counsel to defendants pursuing their first petition for post-conviction relief).

**23.** Corrected Order at 2, *Pomeroy v. State*, No. A–9415 (April 13, 2007).

**24.** Order at 1, *Pomeroy v. State*, No. A–9965 (July 11, 2007).

**25.** *Id.* at 2.

**26.** *Id.* at 4–5.

**27.** Report to Appellate Court at 1–2, *Pomeroy v. State*, No. A–9965 (Aug. 13, 2007).

■ To summarize this procedural history: The superior court committed error by allowing Pomeroy to litigate his petition for post-conviction relief pro se without first obtaining Pomeroy's knowing waiver of his right to counsel. But when this error was brought to light, Pomeroy was given two opportunities to assert his right to counsel and to completely relitigate his post-conviction relief claims, this time with the assistance of counsel. Pomeroy declined these opportunities and, instead, he chose to let the results of the superior court litigation stand.

We acknowledge that when Pomeroy waived his right to counsel during the remand proceedings in the superior court, he informed Judge Volland that his waiver was prospective only:

> *Mr. Pomeroy*: I would like to make a statement that I did not—I want to make sure that [my waiver is] from this date forward—for the [purposes of] appeal ... that I'm waiving my rights to [the assistance of] counsel. I'm not [saying] that I waive my rights during the ... process of the [post-conviction relief] application. [In] other words, when I filed the application, when I asked for an attorney it, was denied, relitigated. [*sic*] Now we're moving forward, [but] I'm not waiving my right to assistance of counsel during the litigation of the [post-conviction relief] application; put it that way. ... I want to make sure the Court understands this.

> *The Court*: I understood that ... to be the case.

> *Mr. Pomeroy*: Yeah, okay.... I just want to make sure that ... I'm not waiving—going back and waiving some [deprivation of] right that [already] happened, you know.

Based on this colloquy between Pomeroy and Judge Volland, it appears that Pomeroy may have wanted to preserve his right to argue on appeal—that is, in the appeal of Judge Volland's decision to dismiss Pomeroy's *first* petition for post-conviction relief—that he had been wrongfully deprived of the assistance of counsel when he litigated that first petition.

But although Pomeroy may have wished to preserve this point on appeal, he also (at the same hearing) voluntarily relinquished the opportunity to relitigate his first post-conviction relief petition with the assistance of counsel. In other words, Pomeroy knowingly declined the only relief that he would have been entitled to, had he prevailed on this claim of error.

Moreover, as we explain later in this opinion, Pomeroy subsequently chose to voluntarily withdraw his appeal of the superior court's dismissal of his first petition for post-conviction relief. In other words, even though Pomeroy may have preserved this issue for appeal when he appeared in front of Judge Volland on August 3, 2007, Pomeroy ultimately decided not to pursue this appellate claim (or any others); instead, he voluntarily dismissed his appeal in early 2009.

By these actions, Pomeroy retrospectively ratified his pro se litigation of his first petition for post-conviction relief. And because Pomeroy knowingly waived the assistance of counsel to help him litigate that first post-conviction relief application, he is now barred from arguing that his self-advocacy in that litigation was ineffective.

■ When a defendant knowingly waives his right to counsel and chooses to represent himself, the defendant may not later obtain relief on the basis that his self-representation was incompetent when judged against the standard of practice expected of criminal defense attorneys.[28]

For these reasons, the superior court correctly rejected Pomeroy's claim that he received ineffective assistance of counsel during the litigation of his first petition for post-conviction relief.

---

28. *See McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122 (1984) ("A defendant who exercises his right to appear *pro se* cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'") (quoting *Faret-*

*ta v. California*, 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975)). *Accord State v. Russell*, 175 Ariz. 529, 858 P.2d 674, 679–80 (Ariz.App.1993); *State v. Richards*, 456 N.W.2d 260, 263 (Minn.1990).

### Pomeroy's remaining claims

■ Many of Pomeroy's remaining claims involve errors that allegedly occurred during the litigation of his underlying criminal case—*i.e.*, errors that occurred before he pleaded no contest. A defendant who pleads guilty or no contest waives all non-jurisdictional errors that may have been committed in the lower court proceedings before the entry of the defendant's plea.[29] Thus, the superior court correctly rejected all of these claims of error.

■ Pomeroy also raises many other claims that involve errors allegedly committed during the litigation of his first petition for post-conviction relief. All of these claims could have been raised in Pomeroy's appeal of the superior court's dismissal of his first petition. However, Pomeroy voluntarily dismissed that appeal while it was in the briefing stage. Here are the details of that procedural history:

After the superior court dismissed Pomeroy's first petition for post-conviction relief, he filed a pro se appeal of the superior court's decision. As we have already explained, we realized while Pomeroy's appeal was pending that he had never validly waived his right to counsel during the first post-conviction relief litigation, so we gave Pomeroy the opportunity to relitigate that first petition with the assistance of counsel. Pomeroy ultimately decided to waive the assistance of counsel, to waive relitigation of his post-conviction relief claims, and to simply proceed with his appeal.

But in early 2009, Pomeroy filed a motion asking this court to stay all further proceedings in his appeal while he litigated a second petition for post-conviction relief. In his motion, Pomeroy indicated that he intended to argue in his second petition that he was denied his right to counsel during the litigation of his first petition.[30]

This court denied Pomeroy's motion to stay the appeal.[31] (The denial of Pomeroy's motion to stay the appeal did not prevent Pomeroy from filing his proposed second petition for post-conviction relief; it simply meant that the two cases would be litigated simultaneously.)

Six weeks later, on March 23, 2009, with his reply brief still pending, Pomeroy filed a motion to withdraw his appeal. In this motion, Pomeroy informed this court that he had, indeed, filed a second petition for post-conviction relief, and he asserted that "it [was] in the best interest of justice, and [in the interest of his] family[,] that appellant withdraw [this appeal]." [32]

In accordance with Pomeroy's request, this court dismissed his appeal.[33]

By withdrawing his appeal, Pomeroy relinquished his right to challenge any errors that the superior court might have committed during the litigation leading up to the dismissal of his first petition for post-conviction relief. As stated in Alaska Criminal Rule 35.1(b), the remedy of post-conviction relief "is not a substitute for ... any remedy incident to the proceedings in the trial court," nor is it a substitute for "direct review of the sentence or conviction." In other words, a defendant can not use post-conviction relief as a method for raising claims that could have been raised on direct appeal.

This principle most often comes into play when a defendant attempts to raise claims in post-conviction relief litigation that could have been raised in the defendant's direct appeal of their criminal conviction. As stated in AS 12.72.020(a)(2), a claim can not be raised in post-conviction relief litigation "[if] the claim was, or could have been ..., raised in a direct appeal [of] ... the conviction."

The same principle applies to Pomeroy's litigation. Pomeroy attempted to use a second petition for post-conviction relief as a

---

**29.** *Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974); *Tyler v. State*, 24 P.3d 1260, 1262 (Alaska App.2001); *Bobby v. State*, 950 P.2d 135, 139 (Alaska App.1997); *Miles v. State*, 825 P.2d 904, 905 (Alaska App.1992).

**30.** Order at 1–2, *Pomeroy v. State*, No. A–9965 (Feb. 3, 2009).

**31.** *Id.* at 2.

**32.** Affidavit of Counsel [*sic* ] at 1–2, *Pomeroy v. State*, No. A–9965 (March 23, 2009).

**33.** Order at 1, *Pomeroy v. State*, No. A–9965 (April 3, 2009).

means of challenging errors that allegedly occurred during the litigation of his first petition for post-conviction relief. But the proper method for challenging those errors was to appeal the superior court's judgment in the first post-conviction relief case.

Pomeroy filed an appeal, but then he voluntarily withdrew it. Pomeroy's voluntary withdrawal of his appeal did not give him the right to use a second petition for post-conviction relief as a substitute for his abandoned appeal. Moreover, AS 12.72.020(a)(6) bars defendants from seeking post-conviction relief if they have filed a previous petition for post-conviction relief.

For these reasons, the superior court correctly rejected all of these claims when they were raised in Pomeroy's second petition for post-conviction relief.

 (We have recognized one exception to the rule that all claims of error arising during the litigation of a first petition for post-conviction relief must be raised on direct appeal of the judgment entered in that post-conviction relief action. The exception is that a defendant may file a second post-conviction relief petition to pursue a claim that the defendant's attorney incompetently litigated the first petition for post-conviction relief.[34] This exception exists because, under Alaska law, a claim of ineffective assistance of counsel ordinarily can not be raised on direct appeal.[35] But, as we have already explained, Pomeroy waived his right to relitigate his first petition for post-conviction relief with the assistance of counsel; instead, he chose to ratify his pro se litigation of that first petition for post-conviction relief. Under these circumstances, Pomeroy is not allowed to argue that he represented himself ineffectively.)

*Conclusion*

The judgment of the superior court is AFFIRMED.

**34.** *Grinols v. State*, 10 P.3d 600 (Alaska App. 2000), *aff'd*, 74 P.3d 889 (Alaska 2003).

**35.** *Sharp v. State*, 837 P.2d 718, 722 (Alaska App.1992); *Barry v. State*, 675 P.2d 1292, 1295–96 (Alaska App.1984).