David **MILLER**, Appellant,

v.

STATE of Alaska, Appellee.

No. 4244.

Supreme Court of Alaska.

Oct. 3, 1980.

---

Robert H. Wagstaff, Wagstaff & Middleton, Anchorage, and Irwin Ravin, Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before CONNOR, BURKE, and MATTHEWS, JJ., DIMOND, Senior Justice, and CARLSON, Superior Court Judge.

## OPINION

CONNOR, Justice.

On February 7, 1978, David Miller, an elementary school teacher at University Park School in Fairbanks was charged by information with two misdemeanor counts of contributing to the delinquency of a minor. Count I alleged that Miller had fondled the genitals of L.N.A., age 8, a member of his class. Count II alleged that Miller engaged in identical conduct with A.P.W., age 9, also a member of Miller's class.

Prior to filing the information, the Fairbanks District Attorney entered into plea negotiations with Miller's counsel. In return for a plea of guilty to the misdemeanor charges and a promise to identify other children with whom Miller had had similar contacts, the state agreed not to seek felony charges against Miller for acts subsequently charged. It was further agreed that Miller would resign his teaching position and that the state would not prosecute Miller for then undiscovered similar acts, provided that Miller admitted the acts before the state found out about them through its own investigation. No agreement was made as to sentencing.

On February 7, 1978, Miller entered pleas of nolo contendere to both counts of the information. After thorough inquiry, the court concluded that Miller's pleas were knowing, understanding and voluntary. Therefore, the pleas were accepted.

Sentencing was ultimately set for May 1, 1978. At that time, the court announced sua sponte that it would no longer accept Miller's nolo pleas. In the intervening weeks the court had received numerous letters from friends and associates of Miller indicating that Miller was innocent and that he was pleading no contest only to save the children from having to testify in open court. In addition, the court had been made aware of Miller's own statements of innocence in the presentence psychiatric evaluation. These factors led the court to doubt that Miller's pleas were in fact knowing and voluntary. The court advised Miller that he could either admit to the court that there was a reasonable basis for the pleas, and that he understood their consequences, or the pleas would be considered withdrawn. Miller made no attempt to make such a showing and the pleas were, therefore, deemed withdrawn.[1]

On May 10, 1978, Miller was indicted on six felony counts of lewd or lascivious acts toward a child. AS 11.15.134.[2] In addition to the conduct charged in the original information, Miller was charged with two incidents against L.N.A., one incident against A.P.W., and an incident against another nine year old, F.F.W. Miller was arraigned on May 18, 1978, and entered pleas of not guilty on each count.

[1] At the omnibus hearing on June 8, 1978, defense counsel argued that Miller had a right to enter a nolo plea to the misdemeanor information. The court, however, rejected this argument.

[2] The state filed a dismissal of the misdemeanor information on May 19, 1978.

The first trial commenced on July 10, 1978. During the prosecution's case the two counts alleging misconduct against A.P.W. were dismissed because A.P.W. was unable to testify. The jury returned a verdict of not guilty as to F.F.W. and was unable to reach a verdict as to the three counts involving L.N.A. Miller was retried on the three counts involving L.N.A., with the second trial commencing on August 28, 1978. At the conclusion of trial, the jury returned guilty verdicts on all three counts. On September 13, 1978, the court sentenced Miller to three five–year sentences, to run concurrently, with four years suspended, and placed Miller on probation upon the condition that he undergo psychiatric counselling.

Appellant argues that the trial court, having first accepted his plea of nolo contendere, committed error when it ultimately rejected that plea. We agree.

 In Alaska, a defendant may plead nolo contendere as a matter of right.[3] Alaska R.Crim.P. 11(a); *Lowell v. State*, 574 P.2d 1281, 1285 (Alaska 1978). In passing on such a plea the only inquiry permitted the trial court by Criminal Rule 11 is that of determining whether the plea is knowing and voluntary. Alaska R.Crim.P. 11(c) and (d). Therefore, once the trial court determines that a plea of nolo contendere is knowing and voluntary, it is bound to accept that plea and, once accepted, the plea cannot then be rejected.

3. The right to plead nolo contendere does not include, however, the right to plead to a lesser included offense than the one charged. *See State v. Carlson*, 555 P.2d 269, 271–72 (Alaska 1976) (holding that the decision what charge to initiate is solely within the discretion of the executive branch).

4. Alaska R.Crim.P. 11(f) provides:

"*Determining the Accuracy of Plea.* The court shall not enter a judgment upon a plea of guilty without· first being satisfied that there is a reasonable basis for the plea."

5. Any intimation to the contrary in *Gieffels v. State*, 552 P.2d 661, 669 (Alaska 1976) is hereby disapproved. The reasons for requiring such a finding in the case of guilty pleas was explained by Professor Wright:

 The state argues that Criminal Rule 11(f) permits the court to inquire as to whether there is a reasonable basis for a plea of nolo contendere.[4] We disagree. Subsection (f), by its terms applies only to guilty pleas. *Lowell v. State*, 574 P.2d at 1285.[5] Moreover, to require a defendant to show that there is a reasonable basis for a plea of· nolo contendere puts the defendant in the awkward position of having to demonstrate his guilt in order to be allowed to plead nolo contendere. Such a practice destroys the unique purpose of the nolo plea, which is that the issue of guilt shall not be contested. *See United States v. Wolfson*, 52 F.R.D. 170, 176 (D.Del.1971), *affirmed*, 474 F.2d 1340 (3d Cir. 1973).

 The state argues that appellant repudiated his nolo plea by continuing to maintain his innocence to friends and associates. According to the state, such conduct violates the basic policy of the nolo plea which it asserts is "to allow conviction and sentencing of an otherwise guilty defendant without subjecting him to collateral civil liability." We reject the state's premise that pleas of nolo contendere allow conviction of the "otherwise guilty." After reviewing the history of the nolo plea, the United States Supreme Court said in *North Carolina v. Alford*, 400 U.S. 25, 35 n.8, 91 S.Ct. 160, 166, 27 L.Ed.2d 162, 170 n.8 (1970):

"The plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant

"A person may well know what he has done but not be sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged. The amendment is intended to protect against this.... In the absence of a showing of a factual basis for the plea, however, it would be wrong to accept a guilty plea coupled with a protestation of innocence in absence of sufficient inquiry by the court." [footnotes omitted] 1 C. Wright & A. Miller, Federal Practice and Procedure § 174 at 376–77 (1969).

In contrast, in the case of a plea of nolo contendere, a person may not wish to contest the charge for a variety of reasons and, though innocent, may wish to plead nolo contendere instead. *Id.* § 177 at 390. *See also North Carolina v. Alford*, 400 U.S. 25, 35 n.8, 91 S.Ct. 160, 166 n.8, 27 L.Ed.2d 162, 170 n.8 (1970).

that he may be punished as if he were guilty and a prayer for leniency." [6]

Moreover, it is entirely conceivable that an innocent defendant will plead nolo contendere.[7] We have found no case which even indirectly supports the proposition that a defendant's right to plead nolo contendere may be waived "by violating the policies underlying the rule." Nor do we find anything in reason or logic which supports such a proposition.[8]

We conclude that the trial court erred in rejecting appellant's pleas of nolo contendere and, therefore, remand for reinstatement of the nolo pleas.

The case is reversed and remanded to the superior court for further proceedings in accordance with this opinion.

REVERSED and REMANDED.

RABINOWITZ, C. J., and BOOCHEVER, J., not participating.

---

**6.** *See Lowell v. State*, 574 P.2d 1281, 1284 (Alaska 1978) (acknowledging that plea of nolo contendere is not an express admission of guilt). To the extent that *Cooksey v. State*, 524 P.2d 1251, 1255 (Alaska 1974) indicates otherwise, that opinion is hereby disapproved.

**7.** *See* note 5, *supra.*

**8.** In this regard, we note that it is not inappropriate for a court to accept even a guilty plea coupled by protestations of innocence. In such instances, however, the federal rules, as well as many state rules, require, for the protection of the innocent, a factual basis for the plea. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970).