Nekida JONES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10142.

Court of Appeals of Alaska.

Sept. 18, 2009.

Renee McFarland, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Wayne Anthony Ross, Attorney General Designate, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

### OPINION

MANNHEIMER, Judge.

Nekida Jones was prosecuted for second-degree assault based on the allegation that he assaulted his girlfriend by striking her repeatedly on the head and strangling her. At Jones's trial, the State wished to intro-

duce evidence that Jones had committed a similar domestic assault in the past—*i.e.,* had assaulted another girlfriend by striking her repeatedly on the head and strangling her.

However, rather than calling the victim of this earlier assault to the stand, the State offered documentary evidence to establish this prior act of assault. Specifically, the State sought to introduce (1) the criminal complaint that was filed in connection with the earlier incident (charging Jones with the crime of assault under section 08.10.010(B)(1) of the Anchorage Municipal Code), and (2) the ensuing criminal judgement that was entered against Jones for this misdemeanor, after Jones pleaded no contest to the charge.

The trial judge questioned the admissibility of the assertions of fact contained in the complaint, noting that these statements were double hearsay. However, the judge ultimately ruled that the statements were admissible under the theory that Jones must have expressly adopted or conceded the truth of the allegations in the complaint when he entered his no contest plea.

The question presented in this appeal is whether the superior court was correct when it ruled that the assertions of fact contained in the earlier assault complaint were admissible against Jones over a hearsay objection. We conclude that the assertions of fact in the complaint were inadmissible hearsay and that they should not have been admitted at Jones's trial. Moreover, there is a reasonable likelihood that the error in admitting these statements appreciably affected the jury's verdict. We therefore reverse Jones's conviction.

*The trial court's ruling on the admissibility of the assertions of fact contained in the prior complaint*

When the State proposed to introduce its documentary evidence—the judgement from Jones's prior assault conviction, and the complaint that initiated that earlier assault prosecution—Jones did not object to the criminal judgement, but he did object to the complaint.

In the complaint—or more specifically, in the affidavit supporting the complaint—the investigating officer made several specific assertions of fact: that Jones had "grabbed [his former girlfriend] by the arms", that he had "struck her in the face several times with an open hand", that he had "struck her at least once with a closed fist", and that he had "grabbed her with both hands around the neck". These assertions were not based on the officer's personal knowledge, but rather on his interview with Jones's girlfriend.

The State wished to rely on these factual assertions to show that Jones's prior assault on his former girlfriend was sufficiently similar to the currently charged assault to warrant admission of this evidence at Jones's trial under Evidence Rule 404(b)(4).

The trial judge, Superior Court Judge Philip R. Volland, questioned whether the statements contained in the complaint were admissible. Judge Volland noted that, because these statements were being offered for the truth of the matters asserted, they were double hearsay. In other words, the assertions of fact contained in the complaint were statements made out of court by the investigating officer, and the officer's statements were themselves based on still other out-of-court statements: the report of the victim.

The problem facing the State was that if only the judgement was admissible, and not the assertions of fact in the complaint, then the State's offer of proof would be insufficient to establish that the prior assault was sufficiently similar to the currently charged assault to warrant admission of this evidence under Rule 404(b)(4).

The criminal judgement described Jones's criminal conduct only by reference to the charge specified in the complaint—the crime of assault as defined in AMC 08.10.010(B)(1). Under this provision of the municipal code, the crime of assault consists of the "intentional or reckless use of force or violence upon the person of another". Thus, the criminal judgement described Jones's conduct in only generic terms.

It was the complaint that contained the crucial assertions that Jones had "grabbed [the victim] by the arms", had "struck her in the face several times with an open hand",

had "struck her at least once with a closed fist", and had "grabbed her with both hands around the neck". Judge Volland expressly relied on these assertions—in particular, the assertions that Jones struck the former girl-friend repeatedly in the face, and that he began to strangle her—when the judge concluded that Jones's prior assault was sufficiently similar to the currently charged assault to warrant admission of this evidence at Jones's trial.

When Judge Volland raised the question of whether the assertions of fact in the complaint were inadmissible hearsay, the prosecutor responded that Jones, by pleading no contest to the earlier assault charge, had relinquished his right to contest any of the assertions of fact contained in the complaint:

> *Prosecutor:* The complaint is the factual basis upon which the plea was taken. The defendant accepts those facts when the judgment and the conviction is entered.... [So] Mr. Jones's ability to dispute [the facts asserted in the complaint] is over and done with.
>
> . . .
>
> If there wasn't a conviction, Judge, [then] absolutely, I would need to bring in [witnesses] so that [Jones] could confront them, and [these assertions] could be presented to the jury, and the jury could decide those things. But once we have a conviction, we're supposed to be beyond that point.

In reply, Jones's attorney argued that, as a legal matter, this was not true:

> *Defense Attorney:* When defendants enter no contest pleas, they're choosing not to challenge the [government]. They're choosing not to fight.... It's not necessarily their acquiescence [in the government's allegations, or that] they're agreeing with everything that's stated in the complaint.... So it's not correct to say that, once they enter a no contest plea, they no longer have the ability—or they are in complete agreement with what's been said in the complaint.

The defense attorney also pointed out that any single one of the four allegations of force or violence contained in the complaint, standing alone, would have been a legally sufficient basis for a charge of assault; thus, there was no way of knowing which of these assertions formed the factual basis for Jones's conviction.

After hearing these competing arguments, Judge Volland declared that he was persuaded by the State's argument that a defendant's entry of a no contest plea is an admission of all assertions of fact contained in the complaint. Based on this analysis, the judge concluded that the complaint was admissible against Jones as proof of the factual matters asserted in the complaint:

> *The Court:* Every time I take a plea, I do precisely what [the prosecutor] says: I ask the defendant or ... his or her counsel ..., "Do you accept the factual basis of the complaint for the limited purpose of the factual support for the plea?" And the answer is always "yes". Otherwise, I wouldn't take the plea.
>
> . . .
>
> [So] I'm persuaded by the State's arguments here, and I'll permit admission of the ... complaint in [this earlier] matter. I think that [the prosecutor] is correct that, having pled [no contest] to the assault, Mr. Jones has admitted the acts as alleged [in the complaint as] the factual basis of the plea.

In other words, Judge Volland found that, under Alaska criminal procedure, the district court could not have accepted Jones's no contest plea to the earlier municipal assault charge unless Jones conceded (either personally, or through his attorney) the truth of all the assertions of fact contained in the complaint. It appears that, based on this assumption, Judge Volland concluded that all of the assertions of fact contained in the complaint were admissible against Jones, over a hearsay objection, because they qualified as admissions of a party-opponent under clause (A), (B), or (C) of Alaska Evidence Rule 801(d)(2).[1]

---

1. Alaska Evidence Rule 801(d)(2), "Admission by Party–Opponent", states (in pertinent part) that an out-of-court statement is not excluded by the hearsay rule if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity,

*Why the assertions of fact contained in the earlier complaint were not admissible as admissions of a party-opponent*

■ When Judge Volland ruled that Jones had conceded the truth of the assertions of fact contained in the earlier complaint, the judge did not require the State to present any evidence concerning the particular inquiries that might have been addressed to Jones or to his attorney at the change-of-plea hearing in the earlier municipal assault case. Nor did Judge Volland require the State to present any evidence concerning the statements or admissions that Jones or his attorney might have made at that change-of-plea hearing. Instead, Judge Volland essentially took judicial notice that, whenever a defendant pleads no contest to a criminal charge in Alaska, the defendant (or the defendant's attorney) will be called upon to affirmatively confirm or concede the assertions of fact contained in the indictment or complaint, and the change-of-plea proceeding will not go forward unless the defendant concedes the truth of these assertions.

This is not the law of Alaska.

First, Alaska law only requires judges to ascertain the factual basis of a plea when the defendant offers a guilty plea, not when the defendant offers a no contest plea. Alaska Criminal Rule 11(f) states that a court "shall not enter a judgment upon *a plea of guilty* without first being satisfied that there is a reasonable basis for the plea." (Emphasis added)

This provision was added to Alaska Criminal Rule 11 in 1968 by Supreme Court Order No. 98. (See page 9 of that order.) The supreme court's amendment of the rule appears to have been prompted by the fact that an analogous clause (*i.e.*, a provision requiring judges to find that there is a supporting factual basis for a guilty plea) was added to Federal Criminal Rule 11 in 1966. *See* Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure—Criminal* (4th ed.2008), § 170, Vol. 1A, p. 145.

or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject."

We note that the other pertinent subsections of Alaska Criminal Rule 11—subsections (c), (d), and (h)—refer to both pleas of guilty and pleas of no contest, while subsection (f) refers only to pleas of guilty. This in itself suggests that the requirement of ascertaining a factual basis for the plea applies only when a defendant is offering a guilty plea, and not when a defendant is offering a no contest plea.

This is, in fact, how the corresponding federal rule is interpreted:

> There are two significant differences [in federal procedure] between a nolo contendere plea and a guilty plea. First, [Federal Criminal] Rule 11(b)(3) requires the court to find a factual basis for a guilty plea but not for a nolo contendere plea. Although at one time the Advisory Committee proposed a rule that would prohibit courts from accepting a no contest plea without first being satisfied that the defendant [had] committed the crime charged, [that] proposal was never adopted. As an earlier edition of this treatise pointed out, the rationale for dispensing with the factual basis requirement [for no contest pleas] is that an innocent person may not wish to contest the charges against him, and a no contest plea is the means to accomplish this. The result is that a defendant may be convicted of a crime without the court having any basis to believe that the defendant is guilty in fact.

*Federal Practice and Procedure*, § 175, Vol. 1A, p. 190 (citations omitted).

This same reasoning was adopted by the Alaska Supreme Court in *Miller v. State*, 617 P.2d 516 (Alaska 1980). In *Miller*, the supreme court confronted a situation where the superior court refused to accept the defendant's pleas of no contest after the defendant insisted that he was innocent.[2] The superior court told the defendant that he would have to "admit to the court that there was a reasonable [factual] basis for the pleas, ... or the pleas would be considered with-

2. *Miller*, 617 P.2d at 517.

drawn."[3] When the defendant refused to acknowledge that he was factually guilty, the superior court directed that his no contest pleas were to be ignored.[4] The defendant then appealed.

The supreme court reversed the superior court, declaring that "[i]n Alaska, a defendant may plead nolo contendere as a matter of right."[5] The supreme court clarified that when a defendant offers a plea of no contest,

> the only inquiry permitted the trial court by Criminal Rule 11 is that of determining whether the plea is knowing and voluntary. Alaska [Criminal Rule] 11(c) and (d)....
> [O]nce the trial court determines that a plea of nolo contendere is knowing and voluntary, [the court] is bound to accept that plea....

*Miller*, 617 P.2d at 518.

The supreme court then expressly rejected the argument that the "factual basis" inquiry mandated by Criminal Rule 11(f) applies to pleas of no contest:

> The state argues that Criminal Rule 11(f) permits the court to inquire as to whether there is a reasonable basis for a plea of nolo contendere. We disagree. Subsection (f), by its terms[,] applies only to guilty pleas.... Moreover, to require a defendant to show that there is a reasonable basis for a plea of nolo contendere puts the defendant in the awkward position of having to demonstrate his guilt in order to be allowed to plead nolo contendere. Such a practice destroys the unique purpose of the nolo [contendere] plea, which is that the issue of guilt shall not be contested.

*Id.* (citations omitted).

For these reasons, we conclude that, in the present case, it was error for the superior court to assume, or to take judicial notice, that whenever a defendant offers a plea of no contest, the defendant (or the defendant's attorney) will be required to expressly confirm or concede the assertions of fact contained in the indictment or complaint before the court accepts the plea. The law is the

opposite in this state. When Jones pleaded no contest to the municipal assault charge, he was not required to confirm or concede any of the government's factual allegations.

Of course, it is possible that, at the change of plea hearing, Jones or his attorney did in fact expressly confirm or concede some or all of the assertions of fact contained in the municipal assault complaint. If so, then these statements about the facts of that earlier offense would arguably be admissible against Jones at his trial on the current charge, as admissions of a party-opponent.

But as we explained above, the State did not offer any evidence concerning what occurred at Jones's change-of-plea hearing in the earlier municipal assault case. Rather, the superior court relied on the mistaken principle or assumption that anyone who pleads no contest to a criminal charge will be required, as part of the plea-acceptance process, to admit all of the factual assertions contained in the charging document.

Because this assumption was wrong, and because the State failed to present any other evidence to establish that Jones had conceded or adopted the assertions of fact contained in the earlier assault complaint, it was error for the superior court to admit those statements under the theory that they were statements of a party-opponent.

*The State's alternative argument that, even if Jones never expressly confirmed or conceded the assertions of fact in the earlier complaint, he was nonetheless precluded from contesting any of these assertions of fact*

 On appeal, the State proposes an alternative theory of why the assertions of fact in the criminal complaint were admissible against Jones. The State argues that, because Jones pleaded no contest to the earlier assault charge, he was precluded by law from contesting the factual assertions contained in the assault complaint, even if he never conceded the truth of these assertions.

---

**3.** *Id.*

**4.** *Id.*

**5.** *Id.* at 518.

■ It is true that when defendants plead no contest, they authorize the court to enter judgement against them as if each necessary element of the offense had been proved, even though the defendants may maintain their factual innocence. *Scott v. State,* 928 P.2d 1234, 1235, 1238 (Alaska App.1996); *Ashenfelter v. State,* 988 P.2d 120, 123 (Alaska App.1999).

■ And, under Alaska law, if a defendant is convicted of a serious crime based on a plea of no contest, the doctrine of issue preclusion will operate to bar the defendant from later disputing any issue of fact that was necessary to the entry of that criminal judgement. In *Scott v. Robertson,* 583 P.2d 188 (Alaska 1978), the supreme court held that a criminal conviction may be introduced in later civil litigation as conclusive proof of the factual matters litigated in the criminal case if: "(1) the prior conviction is for a serious criminal offense; (2) the [criminal] defendant in fact had a full and fair hearing [in the criminal proceeding]; and (3) . . . the [factual] issue [for] which the judgment is offered was necessarily decided in the previous [criminal] trial." [6]

The *Scott* decision dealt with a civil litigant who had been convicted of a crime following a jury trial. But in *Burcina v. Ketchikan,* 902 P.2d 817, 822 (Alaska 1995), *Howarth v. Alaska Public Defender Agency,* 925 P.2d 1330, 1333 (Alaska 1996), and *Lamb v. Anderson,* 147 P.3d 736, 742 (Alaska 2006), the supreme court held that this same rule of issue preclusion applies to civil litigants who were convicted of crimes based on their pleas of no contest.

The State asks us to apply a similar rule of issue preclusion in Jones's case. In other words, the State argues that, because Jones pleaded no contest to the earlier assault charge, the assertions of fact contained in the assault complaint must now be treated as conclusively proved for purposes of the cur-

rent criminal litigation between Jones and the State.

The first difficulty with this argument is that all of the pertinent cases cited by the State involve application of the doctrine of issue preclusion in later *civil* litigation, not later criminal litigation. As our supreme court noted in *Scott v. Robertson,* the rule at common law was that criminal convictions "[were] not competent evidence of the facts supporting them" in later litigation.[7] Alaska's gradual departure from this common-law rule has been based on policy considerations.[8] The State's suggestion in Jones's case—that we extend the issue-preclusion effect of no contest pleas to later criminal litigation—raises questions of policy that are potentially difficult to answer, and which have not been addressed in the parties' briefs.

These policy issues are addressed obliquely in the Commentary to Alaska Evidence Rule 203(c). Evidence Rule 203(c) prescribes differing rules regarding the conclusiveness of judicially noticed facts, depending on whether the litigation is civil or criminal. In civil litigation, the jury is bound by judicially noticed facts, while in criminal litigation, the jury is instructed that "it may, but it is not required to," accept judicially noticed facts as conclusive. The Commentary to Evidence Rule 203(c) explains:

> Authority [on] the propriety of taking judicial notice against an accused in a criminal case . . . is relatively meager. While it may be argued that the right of jury trial does not extend to matters which are beyond reasonable dispute, [Alaska Evidence Rule 203(c) ] opts for . . . greater protection of the accused's right to a jury trial . . . by [adopting the rule] that the jury may, but is not required to, accept as conclusive any fact judicially noticed.
>
> . . .
>
> The jury simply is to be told that a [judicially] noticed fact is treated as if evidence of it . . . [had been] submitted. A

---

**6.** *Scott,* 583 P.2d at 191–92 (listing the three foundational elements) & 193 (holding that, if these elements are shown, the criminal judgement will be deemed conclusive proof in a civil lawsuit).

**7.** *Scott,* 583 P.2d at 190.

**8.** *See Scott,* 583 P.2d at 192–93; *Burcina v. Ketchikan,* 902 P.2d at 822; *Lamb v. Anderson,* 147 P.3d at 741–43.

defense lawyer can argue that any fact should be disbelieved by the jury[,] and this [applies to] a judicially noticed fact.

Our hesitancy to resolve this question (whether issue preclusion can be employed against a defendant in a criminal trial) is bolstered by the fact that, under federal law, a criminal conviction based on a no contest plea is *not* admissible to prove the facts asserted in the charging document. As explained in Wright and Leipold's *Federal Practice and Procedure*, "a nolo contendere plea [does not] establish the *fact* of a prior crime, as opposed to [the fact of the] defendant's *conviction* for that crime, in a later criminal action." [9] (Emphasis added)

This principle is illustrated by the Ninth Circuit's decision in *United States v. Nguyen*, 465 F.3d 1128 (9th Cir.2006). The defendant in *Nguyen* was convicted under federal law for willful failure to comply with the terms of his supervised release by the immigration authorities.[10] The terms of Nguyen's release required that he not "commit any crimes".[11] Nguyen was convicted of violating this condition based solely on proof that he was convicted in state court of two misdemeanors under Alaska law after he entered pleas of no contest to those charges.[12]

At Nguyen's trial, the federal government's only evidence consisted of certified copies of the two state court judgements that resulted from Nguyen's no contest pleas.[13] Nguyen objected on the grounds that the judgements were hearsay and that his no contest pleas were not admissions of factual guilt, but these objections were overruled.[14]

In his federal appeal, Nguyen argued that, because a no contest plea is not an admission of factual guilt, his misdemeanor convictions based on no contest pleas did not, standing alone, prove that he had committed any crimes. Nguyen further argued that, because his Alaska convictions were based on

no contest pleas, they should not have been admitted into evidence at his trial—because they did not prove any assertion of fact.[15] The Ninth Circuit agreed with Nguyen.

> [A plea of no contest] is ... not an admission of factual guilt.... It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty[,] ... even if he is unwilling or unable to admit his participation in the acts constituting a crime.... The availability of the *nolo contendere* plea to the criminally accused reflects society's desire to encourage compromise resolution of criminal cases.... A conviction resulting from a *nolo contendere* plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime.

*Nguyen*, 465 F.3d at 1130–31 (citations and internal quotations omitted).

The Ninth Circuit then noted that, under Federal Evidence Rule 803(22), evidence of a final felony judgment entered after a trial or after a plea of guilty is admissible to prove "any fact essential to sustain the judgment"—but that this rule expressly does not apply to judgments entered after a plea of no contest.[16]

The State argues that this federal authority is distinguishable because some of the federal evidence rules cited in *Nguyen* differ from the Alaska rules of evidence. But, on this issue, the primary difference between the federal rules of evidence and the Alaska rules of evidence is that the drafters of the Alaska rules expressly decided not to adopt a rule corresponding to Federal Evidence Rule 803(22).

As the Ninth Circuit explained in *Nguyen*, Federal Evidence Rule 803(22) allows the government to introduce a defendant's prior felony conviction as evidence of "any fact

---

**9.** Charles Alan Wright and Andrew D. Leipold, *Federal Practice and Procedure–Criminal* (4th ed.2008), § 175, 2009 Supplement, p. 15.

**10.** *Nguyen*, 465 F.3d at 1129.

**11.** *Id.*

**12.** *Id.*

**13.** *Id.* at 1130.

**14.** *Id.*

**15.** *Id.*

**16.** *Id.* at 1131 (quoting Federal Evidence Rule 803(22) ).

essential to sustain the judgment" *if* the conviction was based on a trial verdict or a guilty plea, but not if the conviction is based on a no contest plea. But the drafters of the Alaska rules of evidence chose not to adopt this provision of federal law.

The Alaska drafters' reasoning is explained in the final paragraph of the Commentary to Alaska Evidence Rule 803, "Note on Omission":

> Omitted from [Alaska Evidence Rule 803] is an exception for [previous] judgments of ... conviction. *See* Federal [Evidence] Rule 803(22).[G]uilty pleas and statements in connection therewith are [already] admissible [as statements of a party opponent] under Rule 801(d)(2)[ (A) ], unless banned under Rule 410, [so] the only reason to include [a hearsay] exception for [previous] judgments of ... conviction is to permit [the] finding of one trier of fact to come before another [trier of fact]. [But if] a judgment of guilt[ ] in a criminal case ... is to have [an] impact in subsequent cases, the impact should be by way of collateral estoppel, not by admitting the previous judgment. The judgment[, standing alone,] tells the second trier of fact nothing; that [second] trier [of fact] will either disregard [the prior judgment] or defer to it, neither of which ... is intended by the [corresponding] Federal Rule.

■ In other words, Alaska law provides that a prior judgement of conviction—whether based on a trial verdict or on a defendant's plea of guilty or no contest—can trigger the doctrine of issue preclusion, thus prohibiting a civil litigant from advancing or contesting certain issues of fact. But no provision of the Alaska rules of evidence authorizes the *evidentiary* use of a criminal judgement (again, regardless of its basis) to prove the facts underlying that judgement. *See Douglas v. State*, 166 P.3d 61, 85 (Alaska App. 2007) ("evidence of a criminal conviction is inadmissible hearsay under Alaska law if it is offered to prove that the defendant actually engaged in the conduct that would justify that conviction").

The supreme court discussed a related point in *F.T. v. State*, 862 P.2d 857 (Alaska 1993). In *F.T.*, a child-in-need-of-aid case, the superior court took judicial notice of the fact that a long-term restraining order had been issued against the father of the child, for the purpose of establishing that the father was factually guilty of the acts of violence that justified the issuance of the restraining order.[17] The supreme court held that this was error. *Id.*, 862 P.2d at 863–64.

■ In reaching this conclusion, the supreme court cited cases from other jurisdictions holding that "judicial notice of another court's factual findings may [not] be used ... to establish ... the truth of the matters asserted".[18] This rule is based on the fact that the *truth* of evidence received in another court case (as opposed to the fact that the evidence was offered) is not a proper subject of judicial notice. See Alaska Evidence Rule 201(b), which declares that a court can take judicial notice of a fact only when that fact "[is] not subject to reasonable dispute" for one of two reasons: either it is "generally known within [the State of Alaska]", or it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned".

In a footnote to its opinion in *F.T.* (footnote 13), the supreme court discussed the possibility that, instead of improperly relying on the issuance of the restraining order as evidentiary proof of disputed facts, the superior court might have relied on the doctrine of issue preclusion to rule that F.T. was estopped from disputing the fact that he had committed earlier acts of violence. However, the supreme court concluded that it should not delve into this question because it was "by no means ... inevitable" that the doctrine of issue preclusion would apply to the facts of *F.T.*, and because none of the factual issues and policies relevant to the proper resolution of this issue were explored in the trial court. *Id.*, 862 P.2d at 864 n. 13.

This Court faces a similar situation in the present case. It is arguable that Jones

---

17. *F.T.*, 862 P.2d at 860.

18. *Id.*, 862 P.2d at 864, citing *Liberty Mutual Insurance Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388–89 (2nd Cir.1992).

might be estopped, under the doctrine of issue preclusion, from disputing the facts underlying his earlier assault conviction. But resolution of this question involves both issues of constitutional law and issues regarding the policies underlying the doctrine of issue preclusion. And, as was the case in *F.T.*, these matters were not explored in the trial court.

That being said, we conclude that we need not resolve the question of whether the prior assault conviction had a preclusive effect in Jones's case—because, even if it did, that preclusive effect would be too limited to support the admission of the disputed evidence.

As we explained earlier in this opinion, when Judge Volland ruled that evidence of the earlier assault was admissible under Evidence Rule 404(b)(4), he expressly relied on the fact that the details of that earlier assault, as described in the complaint, were strikingly similar to the assault for which Jones was being tried. In other words, the admissibility of these details was the underlying foundation for Judge Volland's ruling.

██ But even if we assume that the State could have relied on the prior assault conviction for its preclusive effect, that preclusive effect would not have included the details of the assault described in the complaint. As the supreme court explained in *Scott v. Robertson*, the doctrine of issue preclusion is limited to factual issues that were "necessarily decided" by the earlier judgement.[19]

In its appellate brief, the State points out that, in *Scott v. State*,[20] this Court stated that rule more broadly; we said that a plea of no contest is "in effect a consent that the court may proceed to accept the allegations in the indictment as true".[21] This statement suggests that, by pleading no contest, a defendant concedes the truth of every assertion of fact in the charging document.

██ But this isolated statement does not accurately describe the true rule. The true rule—which is quoted in *Scott* two sentences before the passage that the State cites—is that a plea of no contest "is an admission of *every essential element* of the offense well-pleaded in the charg[ing] [document]."[22] (Emphasis added) In other words, the true rule is the rule set forth by our supreme court in *Scott v. Robertson:* the preclusive effect of a no contest plea is limited to the elements necessarily included in the charge. A no contest plea is not a concession of other, non-essential assertions of fact contained in the affidavit supporting the complaint.[23]

In Jones's case, the complaint in the prior assault case contained four allegations of assaultive conduct: that Jones "grabbed [the victim] by the arms", that he "struck her in the face several times with an open hand", that he "struck her at least once with a closed fist", and that he "grabbed her with both hands around the neck". But any one of these allegations was apparently sufficient to support Jones's conviction for assault under section 08.10.010(B)(1) of the Anchorage Municipal Code, which merely requires proof of an "intentional or reckless use of force or violence upon the person of another".

Jones's attorney pointed this out to Judge Volland; she argued that even if Jones's no contest plea had a preclusive effect of some kind, there was no way of knowing which of these allegations formed the factual basis of Jones's conviction. Judge Volland did not reach this issue, because he mistakenly concluded that Jones's no contest plea should be deemed an express concession of *all* of these allegations.

---

19. *Scott*, 583 P.2d at 191–92.

20. 928 P.2d 1234 (Alaska App.1996).

21. *Id.* at 1237, quoting C.T. Dreschsler, *Annotation: Plea of Nolo Contendere or Non Vult Contendere*, 89 A.L.R.2d 540 (1963), § 2 at 547.

22. *Id.,* quoting Charles A. Wright and Andrew D. Leipold, *Federal Practice and Procedure—Criminal* (1982), § 177, Vol. 1, pp. 662–64.

23. *See Lashbrook v. Lashbrook,* 957 P.2d 326, 330 n. 2 (Alaska 1998) (holding that a litigant was "precluded from challenging the facts which constitute the *elements* of the offenses to which he pled no contest" (emphasis added) ); *Burcina v. Ketchikan,* 902 P.2d 817, 822 (Alaska 1995) ("[A] civil plaintiff is collaterally estopped from relitigating any *element* of a criminal charge to which he has pled nolo contendere." (emphasis added) ).

If we follow the rule prescribed in *Scott v. Robertson* and limit the preclusive effect of Jones's no contest plea to the facts minimally necessary to support each essential element of the crime charged (misdemeanor assault as defined in section 08.10.010(B)(1) of the Anchorage Municipal Code), the preclusive effect of Jones's plea would be confined to the assertion that Jones recklessly used force or violence against his former girlfriend.

Thus, even assuming for purposes of argument that the State was entitled to claim issue preclusion based on Jones's no contest plea in the earlier assault case, the State would not have been able to rely on Jones's plea for proof of the facts that were crucial to Judge Volland's ruling on the admissibility of the prior assault under Evidence Rule 404(b)(4). In particular, the State could not rely on the specific allegations that Jones repeatedly struck his girlfriend with his open hand and that he strangled her.

We therefore conclude that the State's argument regarding the issue—preclusive effect of Jones's no contest plea is moot. Even if the State is correct in arguing that the doctrine of issue preclusion applies to this situation, the details of the prior assault-the details on which Judge Volland relied when he ruled that evidence of this assault was admissible under Rule 404(b)(4)—would not be encompassed by the issue preclusion arising from Jones's no contest plea.

*The State's argument that the admission of this evidence was harmless error*

Finally, the State argues that any error in admitting evidence of the prior assault was harmless. We disagree.

■ The current charge against Jones is based on the allegation that he assaulted his then-girlfriend, Marilyn McGregor, by striking her on the head several times with his open hand and by strangling her. At Jones's trial, McGregor refused to admit that Jones assaulted her in this manner, even when she was confronted with her previous statements to law enforcement officers and hospital per-

sonnel. The State therefore faced the task of convincing the jury that McGregor's trial testimony was not credible, and that the assault had occurred as alleged.

In these circumstances, independent evidence that Jones had committed a markedly similar assault on a previous girlfriend—striking her several times on the head with an open hand, and strangling her—was obviously important to the State's case. We can not say that the error in admitting evidence of this prior assault did not appreciably affect the jury's verdict. We therefore must reverse Jones's conviction.[24]

*Conclusion*

For the reasons explained here, we conclude that the criminal complaint from Jones's prior assault prosecution was hearsay when offered to prove the facts of the prior assault. The assertions of fact contained in that complaint were not admissible over Jones's objection. We further conclude that the admission of these out-of-court statements likely affected the jury's verdict. We therefore reverse Jones's conviction.

The judgement of the superior court is REVERSED.

---

**24.** *See Love v. State,* 457 P.2d 622, 632 (Alaska 1969) (holding that, in cases where non-constitutional error has occurred, the error does not require reversal if the appellate court can reasonably conclude that the error "did not appreciably affect the jury's verdict").