Judge MANNHEIMER, concurring.
I write separately because my analysis of the "judicial notice" problem is different from the analysis contained in the majority opinion.
Even though the trial judge and the two attorneys used the phrase "judicial notice" to describe what they were doing, the record shows that the attorneys stipulated that Alvarado's date of birth was, in fact, the date recited in the indictment.
Because this fact was stipulated, the trial judge did not commit error when he instructed the jurors to take the stipulated fact as proved. For this reason, I conclude that there is no need for this Court to subject the judge's action to a "harmlessness" analysis. A harmlessness analysis is appropriate only when an error has been committed - and, in Alvarado's case, there was no error.
Here is my analysis in more detail:
Under Alaska law, when a judge presiding over a criminal trial takes judicial notice of some fact, it is error for a judge to tell the jurors that they must accept this fact as conclusively proved. See Alaska Evidence Rule 203(c).
Indeed, in Alvarado's case, even if the judge had not told the jurors that they were required to accept Alvarado's date of birth as conclusively proved, it still would have been error for the judge to take judicial notice of Alvarado's date of birth - because the recitation of Alvarado's birth date in the indictment was not an adequate legal foundation for taking judicial notice of that birth date.
As explained in Alaska Evidence Rule 201(b), a fact is not a proper subject of judicial notice unless that fact is not subject to reasonable dispute because it is either "(1) generally known within this state or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[1] Under this test, judicial notice of Alvarado's date of birth might conceivably have been justified if the court had been presented with a copy of Alvarado's birth certificate or some other convincing official record - but not by the simple recitation of Alvarado's date of birth in an indictment.
But even though Alvarado's trial judge used the phrase "judicial notice" to describe what he was doing, the record shows that the judge actually obtained the parties' stipulation regarding Alvarado's date of birth.
Alvarado was in his mid-thirties when he committed the acts of abuse alleged here, and it was plain from his physical appearance alone that he was older than eighteen when he committed these crimes. In this context, Alvarado's attorney affirmatively told the trial judge that he had no objection if the judge instructed the jury that the date of birth recited in the indictment was conclusively proved.
As a matter of law, this was a stipulation - a "voluntary agreement between opposing parties concerning some relevant point".[2] The fact that the judge and the *337 parties used the words "judicial notice" to describe what was happening does not alter the proper legal characterization of what the judge and the attorneys did.
This Court has held that the correct legal characterization of a pleading is determined by its subject matter, not by the title chosen by its author.[3] Similarly, the correct characterization of what happened in Alvarado's case is not determined by the label that the trial judge and the attorneys used to describe this occurrence, but rather by examining the practical effect of what the judge and the parties said and did.
Here, Alvarado's attorney told the judge that he had no objection if the judge told the jurors that Alvarado's correct date of birth was recited in the indictment, and that the jurors should take this date as proven. This was a stipulation regarding Alvarado's date of birth - and, because it was a stipulation, the judge could properly tell the jurors that they should consider this date of birth to be conclusively proved.

See Jones v. State , 215 P.3d 1091, 1099 (Alaska App. 2009).

Black's Law Dictionary (8th ed. 2004), "stipulation" (sense 2), p. 1455.

See Shorthill v. State , 354 P.3d 1093, 1113 (Alaska App. 2015) ("The character of a pleading is determined by its subject matter and not its designation."), quoting Crawford v. State , 337 P.3d 4, 15 (Alaska App. 2014).