NOTICE

*The text of this opinion can be corrected before the opinion is published in the* Pacific Reporter. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| AARON JAMES FEDOLFI, | Court of Appeals No. A-12586 |
| Appellant, | Trial Court No. 4BE-15-00780 CR |
| v. | |
| | O P I N I O N |
| STATE OF ALASKA, | |
| Appellee. | No. 2664 — December 20, 2019 |

Appeal from the District Court, Fourth Judicial District, Bethel, Nathaniel Peters, Judge.

Appearances: Laurence Blakely, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. RuthAnne B. Bergt, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, Harbison, Judge, and Mannheimer, Senior Judge. [*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

In 2015, while Aaron James Fedolfi was on duty as an officer of the Bethel Police Department, he saw an intoxicated woman walking along the side of a road, headed home from a party. Fedolfi contacted this woman and offered her a ride home in his patrol car. But instead of driving the woman to her home, Fedolfi drove her to another location, where he exposed his erect penis and used his hands to try to direct the woman's head toward his penis. The woman pushed Fedolfi away and ran into the bushes, where she hid until Fedolfi got back into his patrol car and drove away.

Based on this episode, Fedolfi was charged with two offenses: attempted third-degree sexual assault and official misconduct.

Count I charged Fedolfi with attempting to commit third-degree sexual assault as defined in AS 11.41.425(a)(4). This statute makes it a crime for a police officer to engage in sexual penetration with a person who is in the officer's custody or apparent custody.

Count II charged Fedolfi with official misconduct as defined in AS 11.56.-850(a)(1). This statute makes it a crime for a public servant to perform an act relating to the public servant's office, knowing that the act constitutes an unauthorized exercise of the public servant's official functions. According to the charging document, Fedolfi's unauthorized exercise of his police functions was his attempt to sexually assault the woman who was in his custody — *i.e.*, Fedolfi's commission of the crime charged in Count I.

Fedolfi ultimately pleaded no contest to both charges. At sentencing, Fedolfi's attorney argued that these two offenses should merge into a single conviction under the Alaska Supreme Court's decision in *Whitton v. State*, 479 P.2d 302 (Alaska 1970). However, the district court concluded that the sexual assault statute and the official misconduct statute protected distinct societal interests, so the court ruled that each of the two counts would support a separate conviction.

In this appeal, Fedolfi renews his argument that the two counts should merge into a single conviction. We agree.

Fedolfi was charged with attempted sexual assault under a subsection of AS 11.41.425 that applies specifically to peace officers. This subsection, (a)(4), does not require proof that the officer committed an "assault" as that term is commonly understood. Rather, subsection (a)(4) applies even when the person in the officer's custody ostensibly consents to the sexual penetration.

As the chair of the Senate Judiciary Committee explained during the Committee's consideration of subsection (a)(4), the purpose of this subsection was to "basically [tell] police officers that they can't have sex with people who are in their custody. Period. ... [There is] no question of consent. ... [That person] cannot consent to have sex with you."[1]

When a defendant pleads no contest to a criminal charge, the defendant's plea "is an admission [for purposes of conviction and sentencing] of every essential element of the offense well-pleaded in the charging document."[2] But the charge against Fedolfi (attempted sexual assault under subsection (a)(4) of the statute) did not encompass an allegation that Fedolfi attempted to coerce the woman to engage in sexual penetration, nor did it encompass an allegation that Fedolfi attempted to engage in sexual penetration with the woman when she was too intoxicated to effectively consent to an act of sexual penetration — two types of conduct that would have been criminal even if Fedolfi were not a police officer.

---

[1] Audio recording of the proceedings of the Senate Judiciary Committee on April 13, 2011 @ 1:46 – 1:47 p.m. (statement of Senator Hollis French concerning House Bill 127).

[2] *Jones v. State*, 215 P.3d 1091, 1100 (Alaska App. 2009).

Rather, by pleading no contest, Fedolfi admitted only that he was engaged in his police duties, that he knew (or disregarded a substantial and unjustifiable risk) that the woman was in his custody, and that he attempted to engage in sexual penetration with her.

And as we have already explained, the official misconduct charge against Fedolfi — the charge of committing an unauthorized act pertaining to his official duties — was based solely on the fact that Fedolfi engaged in attempted sexual assault as defined in subsection (a)(4). That is, Fedolfi was charged with official misconduct only because he was a police officer who attempted to engage in sexual penetration with someone who was in his custody.

Thus, given the way this case was charged, the two criminal charges against Fedolfi protected the same societal interest — the legislature's policy of not allowing police officers to engage in any sexual activity with a person who is in their custody, even if that sexual activity is not coerced by force or threat of force, and even if the person in custody is otherwise capable of consenting to the sexual activity.

We therefore conclude that, under the double jeopardy test announced by our supreme court in *Whitton v. State*, Fedolfi's two offenses will support only one criminal conviction. *Whitton*, 479 P.2d at 312.

We note that both of Fedolfi's offenses are class A misdemeanors.[3] That is, the legislature has classified them with the same degree of seriousness. Because of this, when Fedolfi's case returns to the district court for amendment of the judgement and re-sentencing, the State can elect whether Fedolfi's two offenses will merge into a

---

[3]  Third-degree sexual assault is a class C felony, *see* AS 11.41.425(c), so an attempt to commit this offense is a class A misdemeanor, *see* AS 11.31.100(d)(5). Official misconduct is likewise a class A misdemeanor, *see* AS 11.56.850(b).

conviction for attempted third-degree sexual assault or a conviction for official misconduct. [4]

The district court's double jeopardy decision is REVERSED, and this case is remanded to the district court for amendment of the judgement and re-sentencing. We do not retain jurisdiction of this case.

---

[4] *See Douglas v. State*, 215 P.3d 357, 365 (Alaska App. 2009) ("[I]n [*Whitton*] situations where it is not clear which offense the defendant should stand convicted of, Alaska case law suggests that the State should be able to choose the offense for which the court enters judgement and sentences the defendant.").