NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MIKE STEELY MORGAN,

      Appellant,

    v.

STATE OF ALASKA,

      Appellee.

Court of Appeals No. A-13512
Trial Court No. 3AN-18-12600 CR

O P I N I O N

No. 2739 — January 27, 2023

Appeal from the Superior Court, Third Judicial District, Anchorage, Erin B. Marston, Judge.

Appearances: Bradly A. Carlson, Law Office of Bradly A. Carlson, LLC, under contract with the Public Defender Agency, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Seneca Theno Freitag, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Wollenberg, Harbison, and Terrell, Judges.

Judge HARBISON.

Under AS 11.41.230(a)(1), a person who recklessly causes physical injury to another person commits the crime of fourth-degree assault. This offense is generally classified as a class A misdemeanor, but under AS 11.41.220(a)(5), the offense is elevated to third-degree assault, a class C felony, if the defendant has at least two prior

convictions, within the previous ten years, for certain enumerated offenses or for an offense of this or another jurisdiction with "elements similar" to those of an enumerated offense.

In the present case, Mike Steely Morgan was convicted in 2019, following a jury trial, of third-degree assault under the repeat-offender provision of AS 11.41.220(a)(5).[1] To meet its burden under this provision, the State presented evidence of Morgan's 2017 conviction for assault under Anchorage Municipal Code (AMC) 08.10.010(B)(1) and his 2016 conviction for assault on a police officer under AMC 08.10.010(D). The State argued that both of these offenses had "elements similar" to the elements of fourth-degree assault under AS 11.41.230(a)(1) — an offense that is specifically enumerated in the repeat-offender provision of AS 11.41.220(a)(5).

Morgan then moved for a judgment of acquittal, arguing that, as a matter of law, his 2016 conviction for assault on a police officer under AMC 08.10.010(D) was not a qualifying prior conviction under the repeat-offender provision of AS 11.41.220(a)(5). (Morgan conceded that his 2017 assault conviction was a qualifying prior conviction.) The superior court denied Morgan's motion.

Morgan challenges this ruling on appeal. He contends, and the State agrees, that to be guilty of assaulting a police officer under AMC 08.10.010(D), a defendant must also violate subsection (B), which enumerates the four ways one can commit an assault under the ordinance.

But only two of the four offenses specified in AMC 08.10.010(B) are qualifying prior offenses for purposes of the recidivist third-degree assault statute. And the documents that we are authorized to consult to determine the statutory subsection

---

[1] Morgan was also charged with resisting arrest, under AS 11.56.700(a)(1), but he was acquitted of this offense at trial.

under which Morgan was convicted are unclear as to the basis for his 2016 conviction. Accordingly, the record does not establish that Morgan has two prior qualifying convictions for purposes of the recidivist third-degree assault statute.

We therefore reverse Morgan's conviction for third-degree assault (but we remand this case to the superior court with instructions to enter a judgment of conviction for the lesser included offense of fourth-degree assault).

*Procedural background*

Morgan was indicted for third-degree assault under AS 11.41.220(a)(5), and his case proceeded to a jury trial in May 2019. In order to establish that Morgan had been convicted of at least two qualifying offenses as required by the repeat-offender provision of AS 11.41.220(a)(5), the State presented evidence of Morgan's 2017 conviction for recklessly causing physical injury to another person under AMC 08.10.010(B)(1) and his 2016 conviction for assault on a police officer under AMC 08.10.010(D).

After the evidence was presented, but before the case was submitted to the jury for deliberations, Morgan moved for a judgment of acquittal under Alaska Criminal Rule 29(b). He argued that his 2016 conviction for assault on a police officer under AMC 08.10.010(D) was not a qualifying prior conviction under AS 11.41.220(a)(5). Morgan pointed out that AS 11.41.220(a)(5) includes only the "physical injury" provisions of AS 11.41.230(a) — *i.e.*, subsections (a)(1) and (a)(2) — as qualifying prior offenses, but it excludes the "fear" assault provision — subsection (a)(3).[2] He noted that

---

[2] Both AS 11.41.230(a)(1) and AS 11.41.230(a)(2) include, as an element, that the defendant caused physical injury to another person; these offenses accordingly are commonly referred to as "physical assaults." By contrast, AS 11.41.230(a)(3), criminalizes recklessly

(continued...)

his 2016 conviction was for violating an Anchorage municipal ordinance that proscribes both physical injury assaults and fear assaults.

This ordinance, AMC 08.10.010, provides, in relevant part:

A. It is unlawful for any person to commit an assault.

B. A person commits an assault if:

> 1. That person recklessly causes physical injury to another person;
>
> 2. With criminal negligence that person causes physical injury to another person by means of a dangerous instrument;
>
> 3. By words or other conduct that person recklessly places another person in fear of imminent physical injury; or
>
> 4. That person recklessly uses words or other conduct which places a family member in reasonable fear of imminent physical injury or death to that family member or another person, provided however, this subsection does not prohibit lawful discipline of a minor by a parent or another person with lawful physical custody or control of a minor.
>
> . . . .

D. It is unlawful when an assault is committed against the person of a police officer, firefighter, paramedic or animal control officer and the person committing the offense knows or reasonably should know that such victim is a police officer, firefighter, paramedic or animal control officer engaged in the performance of official duties.

---

[2]  (...continued)
placing another person in *fear* of imminent physical injury and does not have, as an element, the requirement that the defendant actually caused injury.

Morgan argued that his conviction for violating this ordinance did not satisfy the repeat-offender provision of AS 11.41.220(a)(5) because his judgment of conviction did not specify the subsection under which he was convicted and because the Anchorage ordinance includes fear assaults — which are not similar to any offense enumerated in AS 11.41.220(a)(5).

The State opposed this motion. Relevant to this appeal, the prosecutor asserted that the probable cause portion of the complaint charging Morgan with the 2016 assault alleged that Morgan "grabbed the officer's genitals and squeezed, causing significant pain." The prosecutor argued that this confirmed that Morgan's prior offense was a "physical injury" assault — and thus similar to AS 11.41.230(a)(1) — rather than a "fear" assault.

The court took the matter under advisement, and after the jury found Morgan guilty of third-degree assault, the court resumed its consideration of Morgan's motion. The court ultimately denied the motion in a written order. In its order, the court focused on the text of AMC 08.10.010(D), which criminalizes an assault "against the person" of a police officer. The court found that the "against the person" language in this ordinance was intended to reference "physical injury" assaults and to exclude "fear" assaults. After construing AMC 08.10.010(D) in this manner, the court found that the elements of Morgan's 2016 statute of conviction were "similar" to the elements of AS 11.41.230(a)(1).

This appeal followed.

*Why we conclude that Morgan's conviction for assault under AMC 08.10.010(D) does not satisfy the repeat-offender provision of AS 11.41.220(a)(5)*

The sole question presented by this appeal is whether the superior court erred when it determined that Morgan's 2016 conviction for assault on a police officer under AMC 08.10.010(D) satisfied the repeat-offender provision of AS 11.41.220(a)(5) — *i.e.*, when it determined that Morgan's prior conviction was for an offense having "elements similar" to the elements of AS 11.41.230(a)(1).

In other contexts, when determining whether another jurisdiction's offense had "elements similar" to an offense under Alaska law, both the Alaska Supreme Court and this Court have applied a categorical approach, comparing the elements of the two relevant statutes rather than examining the facts of the defendant's prior offense. For example, in determining whether an out-of-state conviction qualified as an offense subject to sex offender registration in Alaska, the supreme court compared "the elements of the [other jurisdiction's] statute of conviction to the elements of the allegedly similar Alaska statute," without reference to the underlying facts.[3] This Court has likewise conducted a categorical analysis when determining whether another jurisdiction's offense was similar to a felony in Alaska for purposes of presumptive sentencing.[4]

We similarly conclude that the statutory language of AS 11.41.220(a)(5) — referring to prior offenses from another jurisdiction with "elements similar" to one of the enumerated offenses — requires us to compare the elements of Morgan's prior 2016 municipal conviction with the elements of a physical injury fourth-degree assault under AS 11.41.230(a)(1) or (2).

---

[3] *State, Dep't of Pub. Safety v. Doe*, 425 P.3d 115, 120 (Alaska 2018).

[4] *Borja v. State*, 886 P.2d 1311, 1312, 1314 (Alaska App. 1994).

Morgan's prior judgment specifies that he was convicted under AMC 08.10.010(D) — *i.e.*, committing "an assault . . . against the person of a police officer." But the actual parameters of this offense are set out in subsection (B), which establishes four separate assault offenses in its four subsections. The text of two of these subsections — AMC 08.10.010(B)(1) and (2) — is nearly identical to the text of AS 11.41.230(a)(1) and (2), which are the "physical injury" assaults that are specifically enumerated under AS 11.41.220(a)(5). Thus, if a person is convicted of committing an assault under either of these two subsections of AMC 08.10.010(B), the person necessarily will have committed a crime with elements that are similar to an enumerated offense under AS 11.41.220(a)(5).

But the other two provisions of AMC 08.10.010(B) — subsections (3) and (4) — do not include, as an element, a requirement that the defendant cause physical injury to another person. Instead, these offenses criminalize conduct that places another person in *fear* of physical injury. In fact, the language of subsection (B)(3) is identical to the language of AS 11.41.230(a)(3) (the "fear assault" provision of the Alaska misdemeanor assault statute), which is *not* included in the list of qualifying offenses under AS 11.41.220(a)(5).

As a result, convictions under subsection (B)(1) or (B)(2) of AMC 08.10.010(B) are qualifying convictions for purposes of the repeat-offender provision of AS 11.41.220(a)(5), but convictions under subsection (B)(3) or (B)(4) are not qualifying convictions.

In this case, the superior court concluded that the "against the person" language found in AMC 08.10.010(D) limits the offense to "physical injury" assaults and excludes "fear" assaults. But on appeal, the parties agree that this ruling was incorrect. In particular, the parties agree that the specific subsection of AMC 08.10.010 under which Morgan was convicted — assault on a police officer under subsection (D) — must

be for conduct that is proscribed by one of the four subsections of AMC 08.10.010(B). In other words, a defendant may be convicted of assault "against the person of a police officer" under subsection (D) if they engage in conduct against a police officer that is a "physical injury" assault under subsections (B)(1) or (2) or a "fear" assault under subsections (B)(3) or (4).

We agree with the parties that the superior court misconstrued AMC 08.10.010(D).[5] In fact, our review of the legislative history of this ordinance provides additional support for the parties' position.

The text of AMC 08.10.010, including the "against the person" language that the superior court relied on in issuing its decision, was based on the California Penal Code.[6] Under California law, when a defendant actually causes physical injury to another person, the defendant has committed the crime of "battery" rather than "assault."[7] Thus, under the California Penal Code, an assault "against the person" does not refer to a "physical assault." (Indeed, California law includes the "against the person" language in *all* of its assault provisions.) Accordingly, the phrase "against the person" in AMC 08.10.010(D) does not necessarily equate to a "physical injury" assault. Rather, the provisions set out in AMC 08.10.010(B) establish whether a particular assault under (D) was a fear assault or a physical injury assault.

---

[5] *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (appellate courts must independently assess whether a concession of error is supported by the record on appeal and has legal foundation).

[6] *See* Anchorage Ordinance (AO) No. 85-209, § 1 (Nov. 26, 1985) (enacting former AMC 08.05.030 (1985), an earlier version of AMC 08.10.010, and noting that the language was "[a]dapted from CPC [Cal. Penal Code] [§] 240-243[.]").

[7] *Compare* Cal. Penal Code § 240, *with* Cal. Penal Code § 242.

Because the superior court erred when it determined, as a matter of law, that any conviction under AMC 08.10.010(D) was a qualifying prior "physical injury" assault, we must examine whether the record nonetheless establishes that Morgan's conviction was for a physical injury assault under AMC 08.10.010(B)(1) or (2). While we cannot look to the underlying facts of Morgan's prior conviction to determine whether it has "elements similar" to a physical injury assault, we can look to certain record documents to attempt to determine under which subsection Morgan was previously convicted. This "modified" categorical approach applies to divisible statutes, which have "multiple, alternative elements," effectively creating several different ways of committing a crime.[8]

Under the modified categorical approach, if the statute of conviction is divisible into alternative sets of elements, a court may consider certain court records for the limited purpose of determining the statutory subsection under which the defendant was previously convicted. But the court may only consider particular "extra-statutory materials," such as the indictment, jury instructions, or plea agreement and colloquy, to determine what offense, with what elements, the defendant was actually convicted of committing.[9]

The State acknowledges that Morgan's 2016 judgment shows only that he was convicted of violating AMC 08.10.010(D), and it does not specify whether Morgan committed a physical injury assault under subsection (B)(1) or (2), or a fear assault under subsection (B)(3) or (4). The State nevertheless contends that the application of a modified categorical approach to AMC 08.10.010 reveals that Morgan's 2016 conviction

---

[8]   *Descamps v. United States*, 570 U.S. 254, 264 (2013); *see Doe*, 425 P.3d at 123 (adopting the modified categorical approach with respect to the determination of whether a person with a prior out-of-state conviction must register as a sex offender in Alaska).

[9]   *Descamps*, 570 U.S. at 262-63; *Doe*, 425 P.3d at 123 n.34.

was for a physical assault. According to the State, the complaint charging Morgan with the 2016 assault on a police officer contains a probable cause statement which alleged that Morgan squeezed the police officer's genitals, causing him pain. The State argues that the complaint thus establishes that Morgan's prior offense was "similar" to a physical assault under AS 11.41.230(a)(1).

But the Alaska Supreme Court has cautioned that only "facts found by a court of law or conceded by [the defendant]" may be considered when applying a modified categorical approach to determining statutory similarity.[10] Here, Morgan's 2016 conviction was based on his plea of no contest to the charge that he violated AMC 08.10.010(D), an ordinance that proscribes both fear and physical injury assaults. There was no evidence that Morgan conceded, as part of his plea agreement, that he caused physical injury. Rather, the probable cause statement was simply an *allegation* that Morgan caused physical injury to a police officer, and the State cannot rely upon such "non-elemental facts" to establish that Morgan committed a physical assault.[11]

Indeed, the United States Supreme Court has cautioned that the modified categorical approach is not to be "repurposed" as a technique for discovering whether a defendant's prior conviction for violating a divisible statute rested on facts that could have satisfied the elements of a specifically enumerated qualifying offense.[12] Because

---

[10] *Doe*, 425 P.3d at 123.

[11] *Jones v. State*, 215 P.3d 1091, 1100 (Alaska App. 2009) (noting "a plea of no contest is an admission of *every essential element* of the offense well-pleaded in the charging document. ... A no contest plea is not a concession of other, non-essential assertions of fact contained in the affidavit supporting the complaint." (citations, modifications, and internal quotation marks omitted)).

[12] *Mathis v. United States*, 579 U.S. 500, 513-14 (2016).

the extra-statutory materials "will not in every case speak plainly,"[13] "any lingering ambiguity about them can mean the government will fail to carry its burden of proof in a criminal case."[14]

Here, the application of a modified categorical approach does not clearly reveal which of the four subsections of AMC 08.10.010(B) formed the basis of Morgan's 2016 conviction. This lingering ambiguity means that the State has failed to carry its burden of establishing that Morgan's 2016 conviction was for an offense that has elements that are similar to the elements of AS 11.41.230(a)(1).[15]

For these reasons, we reverse Morgan's conviction for third-degree assault under the repeat-offender provision of AS 11.41.220(a)(5). However, because the jury found, as an element of this offense, that Morgan committed the crime of fourth-degree assault under AS 11.41.230(a)(1), we instruct the superior court on remand to enter a judgment of conviction for this lesser included offense and to resentence Morgan accordingly.

*Conclusion*

The judgment of the superior court is REVERSED. This case is REMANDED to the superior court for further proceedings consistent with this opinion.

---

[13]  *Id.* at 519.

[14]  *Pereida v. Wilkinson*, 141 S.Ct. 754, 765 (2021).

[15]  *Cf. id.* at 762-66 (holding that, in civil immigration context, application of the modified categorical approach did not clearly reveal which of the four subsections of the relevant statute formed the basis of the individual's prior conviction).